# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (For more detailed instructions, see separate instruction sheet.)

| | |
|---|---|
| EDDYS N. GARCIA, as Administrator of the Goods, Chattels and Credits which were of WENDY SANTOS, deceased, EDDYS N. GARCIA, individually, EDDY I. GARCIA, an infant by his father and natural guardian, EDDYS N. GARCIA, and KENNY J. GARCIA, an infant by his father and natural guardian, EDDYS N. GARCIA | GINNETTI TRUCKING, LLC, |
| PLAINTIFFS | DEFENDANTS |
| GAIR, GAIR, CONASON, STEIGMAN & MACKAUF | HAROLD J. DERSCHOWITZ, ESQ. (9910) |
| ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
| 80 Pine Street<br>New York, New York 10005<br>(212) 943-1090 | LESTER SCHWAB KATZ & DWYER, LLP<br>120 Broadway<br>New York, NY 10271<br>(212) 964-6611<br>Attorneys for Defendant |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

28 U.S.C. SECTION 1446(d)

Has this or a similar case been previously filed in SDNY at any time? No? ☒   Yes ☐   Judge Previously Assigned _____

If yes, was this case   Vol. ☐   Invol. ☐   Dismissed . No. ☐   Yes ☐   If yes, give date _____ & Case No. _____

## NATURE OF SUIT

(PLACE AN ☒ IN ONE BOX ONLY)

ACTIONS UNDER STATUTES

### CONTRACT
- ☐ 110 INSURANCE
- ☐ 120 MARINE
- ☐ 130 MILLER ACT
- ☐ 140 NEGOTIABLE INSTRUMENT
- ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGEMENT
- ☐ 151 MEDICARE ACT
- ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- ☐ 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
- ☐ 160 STOCKHOLDERS SUIT
- ☐ 190 OTHER CONTRACT
- ☐ 195 CONTRACT PRODUCT LIABILITY

### TORTS
**PERSONAL INJURY**
- ☐ 310 AIRPLANE
- ☐ 315 AIRPLANE PRODUCT LIABILITY
- ☐ 320 ASSAULT, LIBEL & SLANDER
- ☐ 330 FEDERAL EMPLOYERS LIABILITY
- ☐ 340 MARINE
- ☐ 345 MARINE PRODUCT LIABILITY
- ☒ 350 MOTOR VEHICLE
- ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY
- ☐ 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- ☐ 362 PERSONAL INJURY MED-MALPRACTICE
- ☐ 365 PERSONAL INJURY PRODUCT LIABILITY
- ☐ 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- ☐ 370 OTHER FRAUD
- ☐ 371 TRUTH IN LENDING
- ☐ 380 OTHER PERSONAL PROPERTY
- ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY

### FORFEITURE PENALTY
- ☐ 610 AGRICULTURE
- ☐ 620 FOOD & DRUG
- ☐ 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- ☐ 630 LIQUOR LAWS
- ☐ 640 R.R. TRUCK
- ☐ 650 AIRLINE REGS
- ☐ 660 OCCUPATIONAL SAFETY/HEALTH
- ☐ 690 OTHER

### LABOR
- ☐ 710 FAIR LABOR STANDARDS
- ☐ 720 LABOR/MGMT RELATIONS
- ☐ 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- ☐ 740 RAILWAY LABOR ACT
- ☐ 790 OTHER LABOR LITIGATION
- ☐ 791 EMPL. RET.INC. SECURITY ACT

### BANKRUPTCY
- ☐ 422 APPEAL (801)
- ☐ 423 WITHDRAWAL 28USC

### PROPERTY RIGHTS
- ☐ 820 COPYRIGHT
- ☐ 830 PATENT
- ☐ 840 TRADEMARK

### SOCIAL SECURITY
- ☐ 861 MIA (1396ff)
- ☐ 862 BLACK LUNG (923)
- ☐ 863 DIWC ( 405(g))
- ☐ 864 SSID TITLE XVI
- ☐ 865 RSI (405 (g))

### FEDERAL TAX SUITS
- ☐ 870 TAXES
- ☐ 871 IRS THIRD PARTY 20 USC 7609

### OTHER STATUES
- ☐ 400 STATE REAPPORTIONMENT
- ☐ 410 ANTI-TRUST
- ☐ 430 BANKS AND BANKING
- ☐ 450 COMMERCE ICC/ETC
- ☐ 460 DEPORTATION
- ☐ 810 SELECTIVE SERVICE
- ☐ 850 SECURITIES/ COMMODITIES EXCHANGE
- ☐ 875 CUSTOMER CHALLENGE 12 USC 3410
- ☐ 891 AGRICULTURAL ACTS
- ☐ 892 ECONOMIC STABILIZATION ACT
- ☐ 893 ENVIRONMENTAL MATTERS
- ☐ 894 ENERGY ALLOCATION ACT
- ☐ 895 FREEDOM OF INFORMATION ACT
- ☐ 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- ☐ 950 CONSTITUTIONALITY OF STATE STATUTES
- ☐ 890 OTHER STATUTORY ACTIONS

### ACTIONS UNDER STATUES

**REAL PROPERTY**
- ☐ 210 LAND CONDEMNATION
- ☐ 220 FORECLOSURE
- ☐ 230 RENT LEASE & EJECTMENT
- ☐ 240 TORTS TO LAND
- ☐ 245 TORT PRODUCT LIABILITY
- ☐ 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
- ☐ 441 VOTING
- ☐ 442 EMPLOYMENT
- ☐ 443 HOUSING
- ☐ 444 WELFARE
- ☐ 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- ☐ 510 MOTIONS TO VACATE SENTENCE 20 USC (2255)
- ☐ 530 HABEAS CORPUS
- ☐ 535 DEATH PENALTY
- ☐ 540 MANDAMUS & OTHER
- ☐ 550 CIVIL RIGHTS
- ☐ 555 PRISON CONDITION

(Check if demanded in complaint):
CHECK IF THIS IS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y?
IF SO, STATE:

DEMAND $ _____   OTHER _____   JUDGE _____   DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO   NOTE: Please submit at the time of filing explanation of why cases are deemed related.

(SEE REVERSE)

# ORIGIN

(PLACE AN x IN ONE BOX ONLY)

☐ 1. Original
   Proceeding
☒ 2. Removed from
   State Court
☐ 3. Remanded
   from Appellate
   Court
☐ 4. Reinstated
   or Reopened
☐ 5. Transferred from
   (Specify District)
☐ 6. Multidistrict
   Litigation
☐ 7. Appeal to
   District Judge from
   Magistrate Judge
   Judgement

# BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1. U.S. PLAINTIFF
☐ 2. U.S.
   DEFENDANT
☐ 3. FEDERAL QUESTION
   (U.S. NOT A PARTY)
☒ 4. DIVERSITY

**IF DIVERSITY, INDICATE
CITIZENSHIP BELOW
(28 USC 1322,1441)**

## CITIZENSHIP OF PRINCIPAL PARTIES ( FOR DIVERSITY CASES ONLY)

(Place an (X) in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | ☒1 | ☐1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐3 | ☐3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | ☐5 | ☒5 |
| CITIZEN OF ANOTHER STATE | ☐2 | ☐2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | ☐4 | ☐4 | FOREIGN NATION | ☐6 | ☐6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY (IES)** Calendar Rule 4(A)
2786 Jerome Avenue, Bronx, New York  10468

**DEFENDANT(S) ADDRESS(ES) AND COUNTY (IES)** (Calendar Rule 4 (A))
58 Hemmingway Avenue, East Haven, CT  06512

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

| Check One: | THIS ACTION SHOULD BEEN ASSIGNED TO:
(DO NOT check either box if this is a PRISONER PETITION.) | ☐ WHITE PLAINS | ☒ FOLEY SQUARE |
|---|---|---|---|

DATE    SIGNATURE OF ATTORNEY OF RECORD
5-23-07

RECEIPT#

ADMITTED TO PRACTICE IN THIS DISTRICT
☐ NO
☒ YES (DATE ADMITTED Mo. _10_ Yr _(85)_
Attorney Bar Code # 9910

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____    is so Designated.

James M. Parkison, Clerk of Court by          Deputy Clerk, DATED

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

LSK&D #: 114-6015 / 881101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE LYNCH**

**07 CIV 4045**

-------------------------------------------------------x

EDDYS N. GARCIA, as Administrator of the
Goods, Chattels and Credits which were of
WENDY SANTOS, deceased, EDDYS N.
GARCIA, individually, EDDY I. GARCIA, an
infant by his father and natural guardian,
EDDYS N. GARCIA, and KENNY J. GARCIA,
an infant by his father and natural guardian,
EDDYS N. GARCIA,

                                        Plaintiffs,

                -against-

GINNETTI TRUCKING, LLC,

                                        Defendant.

-------------------------------------------------------x

Docket No.:

**NOTICE OF REMOVAL
(From New York
Supreme Court, County
of Bronx, Index No.:
14426/07)**

**TRIAL BY JURY
DEMANDED**

RECEIVED
MAY 23 2007
U.S.D.C. S.D.N.Y.
CASHIERS

        Defendant, GINNETTI TRUCKING, LLC, by its attorneys, LESTER SCHWAB

KATZ & DWYER, LLP, hereby files this Notice of Removal of the above-captioned

action to the United States District Court for the Southern District of New York, from the

Supreme Court of the State of New York, County of Bronx, where the action is now

pending, as provided by Title 28 U.S.C. Code, Chapter 89 and state the following upon

information and belief:

        1.      GINNETTI TRUCKING, LLC, is the defendant in the above-entitled action.

        2.      The above-entitled action was commenced in the Supreme Court of the

State of New York, County of Bronx, and is now pending in that Court. This Notice is

hereby submitted to the Court for filing within thirty (30) days of the date that the

Summons and Complaint was allegedly served upon said defendant.

3.     This action is a civil action for personal injury and wrongful death, and the United States District Court for the Southern District of New York has jurisdiction by reason of the diversity of citizenship of the parties.

4.     Plaintiffs are now and at the time the State action was commenced, citizens of the State of New York.  The defendant, GINNETTI TRUCKING, LLC, is now and at the time the State action was commenced, a Connecticut Corporation, whose principal place of business is 58 Hemmingway Avenue, East Haven, CT 06512.  The matter in controversy exceeds, exclusive of costs and disbursements, the sum or value of $75,000.  No change of citizenship of parties has occurred since the commencement of the action.  The defendant is not a citizen of the State in which the action was brought.

5.     A copy of all process, pleadings and Orders served upon defendant are filed with this Notice.

6.     Defendant will give written notice of the filing of this Notice as required by 28 U.S.C. Section446(d).

7.     A copy of this Notice will be filed with the Clerk of the Supreme Court of the State of New York, County of Bronx, as required by 28 U.S.C. Section 1446(d).

**WHEREFORE**, the defendant requests that this action proceed in this Court as an action properly removed to it.

Dated:       New York, New York
             May 23, 2007

                         Respectfully submitted,

                         LESTER SCHWAB KATZ & DWYER, LLP

                         _____
                         Harold J. Derschowitz (HJD-9910)
                         Attorneys for Defendant
                         GINNETTI TRUCKING, LLC,
                         120 Broadway
                         New York, New York  10271
                         (212)  964-6611

TO:

GAIR, GAIR, CONASON,
STEIGMAN & MACKAUF
80 Pine Street
New York, New York  10005
(212) 943-1090
Attorneys for Plaintiffs

LSK&D #: 114-6015 / 881116

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------x

EDDYS N. GARCIA, as Administrator of the
Goods, Chattels and Credits which were of
WENDY SANTOS, deceased, EDDYS N.
GARCIA, individually, EDDY I. GARCIA, an
infant by his father and natural guardian,
EDDYS N. GARCIA, and KENNY J. GARCIA,
an infant by his father and natural guardian,
EDDYS N. GARCIA,

**Index No.: 14426/07**

**NOTICE TO STATE
COURT CLERK OF THE
FILING OF THE NOTICE
OF REMOVAL**

                                        Plaintiffs,

                    -against-

GINNETTI TRUCKING, LLC,

                                        Defendant.

------------------------------------------------------------x

**TO:** **THE JUSTICES OF THE SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF BRONX**

Pursuant to 28 U.S.C. Section 1446(d), the defendant files herewith a true copy

of the Notice of Removal previously filed in the United States District Court for the

Southern District of New York, and a true copy of the Notice of Filing of the Notice of

Removal.

Dated:      New York, New York
            May 23, 2007

                              Respectfully submitted,

                              LESTER SCHWAB KATZ & DWYER, LLP

                              _____
                              Harold J. Derschowitz (HJD-9910)
                              Attorneys for Defendant
                              GINNETTI TRUCKING, LLC,
                              120 Broadway
                              New York, New York  10271
                              (212) 964-6611

TO:

GAIR, GAIR, CONASON,
STEIGMAN & MACKAUF
80 Pine Street
New York, New York  10005
(212) 943-1090
Attorneys for Plaintiffs

B 199— Summons without notice, Supreme Court, personal or substituted service. 4-94

© 1994 BY JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

**Supreme Court of the State of New York**

**County of** BRONX

Index No. 14426/07
Date purchased April 25, 2007

EDDYS N. GARCIA, as Administrator of the Goods, Chattels and Credits which were of WENDY SANTOS, deceased, EDDYS N. GARCIA, individually, EDDY I. GARCIA, an infant by his father and natural guardian, EDDYS N. GARCIA, and KENNY J. GARCIA, an infant by his father and natural guardian, EDDYS N. GARCIA,

*Plaintiff(s)*

against

GINNETTI TRUCKING, LLC,

*Defendant(s)*

Plaintiff(s) designate(s)
BRONX
County as the place of trial.

The basis of the venue is
Plaintiff's place of residence. **SUPPLEMENTAL**

**Summons**

Plaintiff(s) reside(s) at
2786 Jerome Avenue
Bronx, NY 10468
County of BRONX

RECEIVED

BRONX COUNTY CLERK BRONX COUNTY
2007 MAY -2 AM 10:

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within   20   days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated,   April 30, 2007

GAIR, GAIR, CONASON,
STEIGMAN & MACKAUF
Attorney(s) for Plaintiff

Office and Post Office Address

80 Pine Street
New York, NY 10005
(212) 943-1090

CHRISTOPHER L. SALLAY

Defendant's address:

GINNETTI TRUCKING, LLC
58 Hemingway Avenue
East Haven, CT 06512

A TRUE COPY ATTEST

*Daniel R. Russback*

PROCESS SERVER
DANIEL R. RUSSB..CH

S:sm

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------x
EDDYS N. GARCIA, as Administrator of the            VERIFIED
Goods, Chattels and Credits which were              AMENDED
of WENDY SANTOS, deceased, EDDYS N.                 COMPLAINT
GARCIA, individually, EDDY I. GARCIA, an
infant by his father and natural guardian,          Index #
EDDYS N. GARCIA, and KENNY J. GARCIA, an            14426/07
infant by his father and natural guardian,
EDDYS N. GARCIA,

                          Plaintiff,

              -against-

GINNETTI TRUCKING, LLC,

                          Defendant.
-----------------------------------------------x

          Plaintiff, complaining of the defendant, by his

attorneys, Gair, Gair, Conason, Steigman & Mackauf,

respectfully allege as follows:

               AS AND FOR A FIRST CAUSE OF ACTION ON
               BEHALF OF THE PLAINTIFF AS ADMINISTRATOR

          1.    Prior to the commencement of this action,

and more particularly, on the 19th day of December, 2006,

the plaintiff, EDDYS N. GARCIA, was duly appointed

Administrator of the Goods, Chattels and Credits of WENDY

SANTOS, deceased, by Order of the Honorable Lee L. Holzman,

Surrogate of the County of Bronx, State of New York, has

duly qualified as such, and is now acting in said capacity.

          2.    Upon information and belief, at all times

hereinafter mentioned, the defendant, GINNETTI TRUCKING,

LLC, was a Connecticut corporation.

2007 MAY -2 AM 10: 15
COUNTY CLERK
BRONX COUNTY
RECEIVED

3.   Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, was licensed to do business in the State of New York.

4.   Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, obtained and held Highway Use Tax permits for its tractors with the State of New York in order to do business in the State of New York.

5.   Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, obtained and held Cargo Tank Inspection registrations for its trailers with the State of New York in order to do business in the State of New York.

6.   Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, did business in the State of New York.

7.   Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, did business in the County of Bronx.

8.   The acts complained of herein arose out of a transaction of business by the defendant, GINNETTI TRUCKING, LLC, in the State of New York.

2

9.   The acts complained of herein arose out of a transaction of business by the defendant, GINNETTI TRUCKING, LLC, in the County of Bronx.

10.   Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or services rendered in the State of New York, including the County of Bronx.

11.   Upon information and belief, the defendant, GINNETTI TRUCKING, LLC, expected or should reasonably have expected the acts complained of herein, to have consequences in the State of New York, and the defendant derives substantial revenue from interstate or international commerce.

12.   Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, was in the business of intermodal transportation, linehaul transportation services, interstate trucking and other work services, including the interstate transportation of petroleum.

13.   Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING,

3

LLC, was the owner and operator of a tractor bearing Connecticut registration number 41107-A, for the year 2006.

14. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, was the owner and operator of a trailer bearing Connecticut registration number V-69624, for the year 2006.

15. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, was the owner and operator of a tractor bearing New York State Highway Use Tax number 438387.

16. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, was the owner and operator of a trailer bearing New York State Cargo Tank Inspection number 1-03 UC P I, 1-06 K-EPA27.

17. Upon information and belief, at all times hereinafter mentioned, the defendant, GINNETTI TRUCKING, LLC, its agents, servants and employees, operated and controlled the aforesaid tractor trailer.

18. Upon information and belief, prior to July 2, 2006, the defendant, GINNETTI TRUCKING, LLC, its agents, servants and employees, inspected, examined, evaluated, diagnosed, serviced, repaired and maintained the aforesaid tractor trailer.

4

19.    Upon information and belief, prior to July 2, 2006, the defendant, GINNETTI TRUCKING, LLC, its agents, servants and employees, inspected, examined, evaluated, diagnosed, serviced, repaired and maintained the aforesaid tractor trailer, including the tandem wheels and parts.

20.    On July 2, 2006, the aforesaid tractor trailer was traveling eastbound on Interstate Route 95, in the area of Exit 9, in the Town of Darien, State of Connecticut, when the left side tandem wheels dislocated from the 5th axle of the tractor trailer and traveled into the westbound lane, striking the front windshield of plaintiff's vehicle which had been traveling westbound on Interstate Route 95.

21.    On July 2, 2006, the plaintiff's decedent, WENDY SANTOS, was a passenger in the plaintiff's vehicle.

22.    The aforesaid occurrence was caused and contributed to by the negligence of the defendant, its agents, servants and/or employees in the inspection, examination, evaluation, diagnosis, servicing, repair and maintenance of the aforementioned tractor trailer, and in particular, the tandem wheels and parts; in failing to lubricate the tandem wheels and parts; in failing to diagnose and detect the problem with the tandem wheels; in

5

failing to properly and adequately service and repair the
tandem wheels; in failing to service and repair the problem
with the tandem wheels; in providing a dangerous and
defective tractor and trailer; in affixing the tandem wheels
to the tractor trailer which were not lubricated; in
affixing the tandem wheels to the tractor trailer in a
careless and negligent manner; in failing to insure that the
tandem wheels were properly and adequately lubricated; in
failing to insure that the tandem wheels were properly and
adequately secured to the tractor trailer; in maintaining
the tandem wheels in a careless and negligent manner; in
failing to properly and adequately inspect the tandem
wheels; in negligently certifying the tractor trailer as
road worthy according to FHWA and FMCSR guidelines; in
placing tandem wheels on the tractor trailer which were not
lubricated; in placing tandem wheels on the tractor trailer
which were dangerous, hazardous and unsafe; in carelessly
and negligently supervising, training and advising its
employees; in affixing the tandem wheels to the tractor
trailer in an improper, dangerous and careless manner so
that they separated from the vehicle thereby striking the
plaintiff's vehicle; in causing, permitting and allowing the

6

tandem wheels to separate from the tractor trailer; in causing, permitting and allowing the aforementioned tractor trailer to be driven in a dangerous, hazardous and unsafe condition; in violating the traffic laws, rules and regulations, statutes and ordinances then and there prevailing, including but not limited to Sections 396.3 and 396.3(a)(1) of the Federal Motor Carrier Regulations; in allowing a condition to exist which permitted tandem wheels to separate from the tractor trailer; and in causing, permitting and allowing the aforementioned tractor trailer to be driven in a condition which they knew or should have known was inherently dangerous, hazardous and unsafe.

23. By reason of the foregoing, the plaintiff's decedent, WENDY SANTOS, died on July 2, 2006.

24. By reason of the foregoing, the plaintiff's decedent left surviving her as next of kin her husband, EDDYS N. GARCIA, and her sons, EDDY I. GARCIA, age, 14, and KENNY J. GARCIA, age 10.

25. The amounts sought exceed the jurisdictional limits of all Courts which would otherwise have jurisdiction.

26. Upon information and belief, the plaintiff's decedent had sustained a serious injury as defined in Subdivision (d) of Section 5102 of the Insurance Law.

7

27. Upon information and belief, the plaintiff's decedent had sustained economic loss greater than basic economic loss as defined in Subdivision (a) of Section 5102 of the Insurance Law.

28. It is hereby alleged, pursuant to CPLR 1603, that the foregoing cause of action is exempt from the operation of CPLR 1601, by reason of one or more of the exemptions provided in CPLR 1602.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, AS ADMINISTRATOR

29. The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this complaint marked and designated "1" through "28" inclusive, with the same force and effect as if more fully set forth herein at length.

30. By reason of the foregoing, the plaintiff's decedent, WENDY SANTOS, was caused to sustain severe physical pain and mental anguish as a result of the aforementioned occurrence, including fear of impending death, until the time of her death.

31. The amounts sought exceed the jurisdictional limits of all Courts which would otherwise have jurisdiction.

8

32.  Upon information and belief, the plaintiff's decedent had sustained a serious injury as defined in Subdivision (d) of Section 5102 of the Insurance Law.

33.  Upon information and belief, the plaintiff's decedent had sustained economic loss greater than basic economic loss as defined in Subdivision (a) of Section 5102 of the Insurance Law.

34.  It is hereby alleged, pursuant to CPLR 1603, that the foregoing cause of action is exempt from the operation of CPLR 1601, by reason of one or more of the exemptions provided in CPLR 1602.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF, INDIVIDUALLY

35.  The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this complaint marked and designated "1" through "34" inclusive, with the same force and effect as if more fully set forth herein at length.

36.  On July 2, 2006, the plaintiff, EDDYS N. GARCIA, was the operator of the plaintiff vehicle when the front windshield of said vehicle was struck by the left side tandem wheels of the aforesaid tractor trailer.

6.

37.    By reason of the foregoing, the plaintiff, EDDYS N. GARCIA, sustained injuries to his limbs and body, a severe shock to his nervous system, and certain internal injuries, and has been caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief, some of these injuries are of a permanent and lasting nature; that the plaintiff has been confined to his bed and home as a result thereof; has been caused to abstain from the duties of his vocation; and has been caused to expend and become obligated to expend sums of money for medical attention and medicines.

38.    The amounts sought exceed the jurisdictional limits of all Courts which would otherwise have jurisdiction.

39.    Upon information and belief, the plaintiff's decedent had sustained a serious injury as defined in Subdivision (d) of Section 5102 of the Insurance Law.

40.    Upon information and belief, the plaintiff's decedent had sustained economic loss greater than basic economic loss as defined in Subdivision (a) of Section 5102 of the Insurance Law.

41.    It is hereby alleged, pursuant to CPLR 1603, that the foregoing cause of action is exempt from the

10

operation of CPLR 1601, by reason of one or more of the exemptions provided in CPLR 1602.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF EDDY I. GARCIA

42.    The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this complaint marked and designated "1" through "41" inclusive, with the same force and effect as if more fully set forth herein at length.

43.    On July 2, 2006, the infant plaintiff, EDDY I. GARCIA, was a passenger in the plaintiff's vehicle when the front windshield of said vehicle was struck by the left side tandem wheels of the aforesaid tractor trailer.

44.    By reason of the foregoing, the infant plaintiff, EDDY I. GARCIA, sustained injuries to his limbs and body, a severe shock to his nervous system, and certain internal injuries, and has been caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief, some of these injuries are of a permanent and lasting nature; that the plaintiff has been confined to his bed and home as a result thereof; and has been caused to expend and become obligated to expend sums of money for medical attention and medicines.

11

45.  The amounts sought exceed the jurisdictional limits of all Courts which would otherwise have jurisdiction.

46.  Upon information and belief, the infant plaintiff had sustained a serious injury as defined in Subdivision (d) of Section 5102 of the Insurance Law.

47.  Upon information and belief, the infant plaintiff had sustained economic loss greater than basic economic loss as defined in Subdivision (a) of Section 5102 of the Insurance Law.

48.  It is hereby alleged, pursuant to CPLR 1603, that the foregoing cause of action is exempt from the operation of CPLR 1601, by reason of one or more of the exemptions provided in CPLR 1602.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF KENNY J. GARCIA

49.  The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this complaint marked and designated "1" through "48" inclusive, with the same force and effect as if more fully set forth herein at length.

50.  On July 2, 2006, the infant plaintiff, KENNY J. GARCIA, was a passenger in the plaintiff's vehicle when

12

the front windshield of said vehicle was struck by the left side tandem wheels of the aforesaid tractor trailer.

51.  By reason of the foregoing, the infant plaintiff, KENNY J. GARCIA, sustained injuries to his limbs and body, a severe shock to his nervous system, and certain internal injuries, and has been caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief, some of these injuries are of a permanent and lasting nature; that the plaintiff has been confined to his bed and home as a result thereof; and has been caused to expend and become obligated to expend sums of money for medical attention and medicines.

52.  The amounts sought exceed the jurisdictional limits of all Courts which would otherwise have jurisdiction.

53.  Upon information and belief, the infant plaintiff had sustained a serious injury as defined in Subdivision (d) of Section 5102 of the Insurance Law.

54.  Upon information and belief, the infant plaintiff had sustained economic loss greater than basic economic loss as defined in Subdivision (a) of Section 5102 of the Insurance Law.

13

55.   It is hereby alleged, pursuant to CPLR 1603, that the foregoing cause of action is exempt from the operation of CPLR 1601, by reason of one or more of the exemptions provided in CPLR 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF, INDIVIDUALLY

56.   The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this complaint marked and designated "1" through "55" inclusive, with the same force and effect as if more fully set forth herein at length.

57.   At and about the times immediately preceding, contemporaneous with and following the occurrence complained of herein, the plaintiff, EDDYS N. GARCIA, was caused to be placed within the area and zone of danger of vulnerability to physical harm and defendant's actionable fault as alleged in this complaint and from the proximate effect thereof.

58.   The plaintiff, EDDYS N. GARCIA, while within the zone of danger, was caused under all of the circumstances surrounding the occurrence, to have imposed upon his view of observation, the knowledge that severe harm and serious peril to his wife, WENDY SANTOS, and his sons, EDDY I. GARCIA and KENNY J. GARCIA.

14

59.  By reason of the foregoing, the plaintiff, EDDYS N. GARCIA, has been caused to suffer severe mental and emotional trauma, distress, disturbance, depression and anguish as a result of the entirety of the occurrence and the adverse effects thereof upon his own well-being and the well-being of his loved ones, WENDY SANTOS, EDDY I. GARCIA and KENNY J. GARCIA, and upon information and belief, some of these injuries are of a permanent and lasting nature.

60.  The amounts sought exceed the jurisdictional limits of all Courts which would otherwise have jurisdiction.

61.  It is hereby alleged pursuant to CPLR 1603, that the foregoing cause of action is exempt from the operation of CPLR 1601, by reason of one or more of the exemptions provided in CPLR 1602.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF EDDY I. GARCIA

62.  The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this complaint marked and designated "1" through "61" inclusive, with the same force and effect as if more fully set forth herein at length.

15

63.  At and about the times immediately preceding, contemporaneous with and following the occurrence complained of herein, the infant plaintiff, EDDY I. GARCIA, was caused to be placed within the area and zone of danger of vulnerability to physical harm and defendant's actionable fault as alleged in this complaint and from the proximate effect thereof.

64.  The infant plaintiff, EDDY I. GARCIA, while within the zone of danger, was caused under all of the circumstances surrounding the occurrence, to have imposed upon his view of observation, the knowledge that severe harm and serious peril to his mother and father, WENDY SANTOS and EDDYS N. GARCIA, and his brother, KENNY J. GARCIA.

65.  By reason of the foregoing, the infant plaintiff, EDDY I. GARCIA, has been caused to suffer severe mental and emotional trauma, distress, disturbance, depression and anguish as a result of the entirety of the occurrence and the adverse effects thereof upon his own well-being and the well-being of his loved ones, WENDY SANTOS, EDDYS N. GARCIA and KENNY J. GARCIA, and upon information and belief, some of these injuries are of a permanent and lasting nature.

16

66. The amounts sought exceed the jurisdictional limits of all Courts which would otherwise have jurisdiction.

67. It is hereby alleged pursuant to CPLR 1603, that the foregoing cause of action is exempt from the operation of CPLR 1601, by reason of one or more of the exemptions provided in CPLR 1602.

### AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF KENNY J. GARCIA

68. The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this complaint marked and designated "1" through "67" inclusive, with the same force and effect as if more fully set forth herein at length.

69. At and about the times immediately preceding, contemporaneous with and following the occurrence complained of herein, the infant plaintiff, KENNY J. GARCIA, was caused to be placed within the area and zone of danger of vulnerability to physical harm and defendant's actionable fault as alleged in this complaint and from the proximate effect thereof.

70. The infant plaintiff, KENNY J. GARCIA, while within the zone of danger, was caused under all of the

17

circumstances surrounding the occurrence, to have imposed upon his view of observation, the knowledge that severe harm and serious peril to his mother and father, WENDY SANTOS and EDDYS N. GARCIA, and his brother, EDDY I. GARCIA.

71. By reason of the foregoing, the infant plaintiff, KENNY J. GARCIA, has been caused to suffer severe mental and emotional trauma, distress, disturbance, depression and anguish as a result of the entirety of the occurrence and the adverse effects thereof upon his own well-being and the well-being of his loved ones, WENDY SANTOS, EDDYS N. GARCIA and EDDY I. GARCIA, and upon information and belief, some of these injuries are of a permanent and lasting nature.

72. The amounts sought exceed the jurisdictional limits of all Courts which would otherwise have jurisdiction.

73. It is hereby alleged pursuant to CPLR 1603, that the foregoing cause of action is exempt from the operation of CPLR 1601, by reason of one or more of the exemptions provided in CPLR 1602.

WHEREFORE, the plaintiff, demands judgment against the defendant, together with the costs, interest and disbursements of this action.

18

Dated:  New York, New York
        April 30, 2007

> GAIR, GAIR, CONASON,
> STEIGMAN & MACKAUF
> Attorneys for Plaintiffs
> Office & P.O. Address
> 80 Pine Street
> New York, NY 10005
> (212) 943-1090



A TRUE COPY ATTEST

PROCESS SERVER
DANIEL R. RUSSBACH

19

STATE OF NEW YORK )
                   :      s.s.:
COUNTY OF NEW YORK )

     CHRISTOPHER L. SALLAY, the undersigned, an attorney admitted to practice in the Courts of New York State, states that he is a member of the firm of Gair, Gair, Conason, Steigman & Mackauf attorneys for the plaintiff in the within action; that deponent has read the foregoing Verified Amended Complaint and knows its contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes them to be true. Deponent further states that the reason this verification is made by your deponent and not by the plaintiff is that the plaintiff is not within the county where deponent maintains his office.

     The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are consultations had with the plaintiff and investigation and data in deponent's possession.

     The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated:    New York, New York
        April 30, 2007

CHRISTOPHER L. SALLAY

A TRUE COPY ATTEST

PROCESS SERVER
DANIEL R. RUSSBACH

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

EDDYS N. GARCIA, as Administrator of the                        Docket No.:
Goods, Chattels and Credits which were of
WENDY SANTOS, deceased, EDDYS N.
GARCIA, individually, EDDY I. GARCIA, an
infant by his father and natural guardian,
EDDYS N. GARCIA, and KENNY J. GARCIA,
an infant by his father and natural guardian,
EDDYS N. GARCIA,

                                        Plaintiffs,

                -against-

GINNETTI TRUCKING, LLC,

                                        Defendant.
----------------------------------------------------------------x


**CIVIL COVER SHEET, FEDERAL SDNY STATEMENT PURSUANT TO FED. R. CIV.
P. 7.1, NOTICE OF REMOVAL AND NOTICE TO STATE COURT CLERK OF THE
FILING OF THE NOTICE OF REMOVAL**


**LESTER SCHWAB KATZ & DWYER, LLP**

ATTORNEYS FOR     **Defendant**
                  **GINNETTI TRUCKING, LLC,**


120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX: (212) 267-5916