LSK&D #: 114-6015 / 882093
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

EDDYS N. GARCIA, as Administrator of the
Goods, Chattels and Credits which were of
WENDY SANTOS, deceased, EDDYS N.
GARCIA, individually, EDDY I. GARCIA, an
infant by his father and natural guardian,
EDDYS N. GARCIA, and KENNY J. GARCIA,
an infant by his father and natural guardian,
EDDYS N. GARCIA,

                              Plaintiffs,

       -against-

GINNETTI TRUCKING, LLC,

                              Defendant.
---------------------------------------------------------------X

Docket No.: 07 CIV 4045
Judge Lynch

**DEFENDANT DEMANDS TRIAL BY JURY**

**VERIFIED ANSWER TO AMENDED VERIFIED COMPLAINT**

Defendant, GINNETTI TRUCKING, LLC,, by its attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering plaintiffs' Amended Verified Complaint dated April 30, 2007 respectfully states as follows:

### ANSWERING THE FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AS ADMINISTRATOR

1. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action, and refers to any such Court Order for its terms and contents.

2. Admits the allegations contained in paragraph "2" of the Verified Amended Complaint.

3. Admits the allegations contained in paragraph "3" of the Verified Amended Complaint.

4. Admits the allegations contained in paragraph "4" of the Verified Amended Complaint.

5. Admits the allegations contained in paragraph "5" of the Verified Amended Complaint.

6. Admits the allegations contained in paragraph "6" of the Verified Amended Complaint.

7. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Verified Amended Complaint, except admits that on occasions prior to July 2, 2006, defendant, GINNETTI TRUCKING, LLC, did business in the County of Bronx.

8. Denies each and every allegation contained in paragraph "8" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

9. Denies each and every allegation contained in paragraph "9" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

10. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Verified Amended Complaint, except admits that defendant, GINNETTI TRUCKING, LLC, does business in the State of New York.

11. Denies each and every allegation contained in paragraph "11" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

12. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Verified Amended Complaint, except admits that on and prior to July 2, 2006, defendant, GINNETTI TRUCKING, LLC, was in the business of interstate transportation of petroleum, but begs leave to refer all questions of law to the Court at the trial of this action.

13. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Verified Amended Complaint, except admits that on July 2, 2006, defendant, GINNETTI TRUCKING, LLC, was the owner of a 2006 Kenworth vehicle bearing Connecticut Registration Number 41107A.

14. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Verified Amended Complaint, except admits that on July 2, 2006, defendant, GINNETTI TRUCKING, LLC, owned a tractor bearing Connecticut Registration Number V69624.

15. Denies each and every allegation contained in paragraph "15" of the Verified Amended Complaint, except admits that on July 2, 2006, defendant, GINNETTI TRUCKING, LLC, was the owner of a tractor bearing New York State Highway Use Tax Number 438387.

16. Denies each and every allegation contained in paragraph "16" of the Verified Amended Complaint, except admits that on July 2, 2006, defendant, GINNETTI TRUCKING, LLC, was the owner of a trailer bearing New York State Cargo Tank Inspection Number 1-03UC PI, 1-06K-EPA27.

17. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the Verified Amended Complaint, except

admits that on July 2, 2006, the subject tractor –trailer was being operated by an employee of defendant GINNETTI TRUCKING, LLC, but begs leave to refer all questions of law to the Court at the trial of this action.

18. Admits the allegations contained in paragraph "18" of the Verified Amended Complaint.

19. Admits the allegations contained in paragraph "19" of the Verified Amended Complaint.

20. Denies each and every allegation contained in paragraph "20" of the Verified Amended Complaint except admits that on July 2, 2006, the defendant's tractor-trailer was traveling on Intestate Route 95, eastbound, in the Town of Darien, State of Connecticut, but begs leave to refer all questions of law to the Court at the trial of this action.

21. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" of the Verified Amended Complaint.

22. Denies each and every allegation contained in paragraph "22" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

23. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

24. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

25. Denies each and every allegation contained in paragraph "25" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

26. Denies each and every allegation contained in paragraph "26" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

27. Denies each and every allegation contained in paragraph "27" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

28. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

### ANSWERING THE SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, AS ADMINISTRATOR

29. The answering defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were more fully set forth at length herein in answer to paragraph number "29" of the Verified Amended Complaint.

30. Denies each and every allegation contained in paragraph "30" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

31. Denies each and every allegation contained in paragraph "31" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

32. Denies each and every allegation contained in paragraph "32" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

33. Denies each and every allegation contained in paragraph "33" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

34. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

### ANSWERING THE THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, INDIVIDUALLY

35. The answering defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were more fully set forth at length herein in answer to paragraph number "35" of the Verified Amended Complaint.

36. Denies each and every allegation contained in paragraph "36" of the Verified Amended Complaint.

37. Denies each and every allegation contained in paragraph "37" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

38. Denies each and every allegation contained in paragraph "38" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

39. Denies each and every allegation contained in paragraph "39" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

40. Denies each and every allegation contained in paragraph "40" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

41. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "41" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

### ANSWERING THE FOURTH CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF EDDY I. GARCIA

42. The answering defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were more fully set forth at length herein in answer to paragraph number "42" of the Verified Amended Complaint.

43. Denies each and every allegation contained in paragraph "43" of the Verified Amended Complaint.

44. Denies each and every allegation contained in paragraph "44" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

45. Denies each and every allegation contained in paragraph "45" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

46. Denies each and every allegation contained in paragraph "46" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

47. Denies each and every allegation contained in paragraph "47" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

48. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "48" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

### ANSWERING THE FIFTH CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF KENNY J. GARCIA

49. The answering defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were more fully set forth at length herein in answer to paragraph number "49" of the Verified Amended Complaint.

50. Denies each and every allegation contained in paragraph "50" of the Verified Amended Complaint.

51. Denies each and every allegation contained in paragraph "51" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

52. Denies each and every allegation contained in paragraph "52" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

53. Denies each and every allegation contained in paragraph "53" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

54. Denies each and every allegation contained in paragraph "54" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

55. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "55" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

### ANSWERING THE SIXTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, INDIVIDUALLY

56. The answering defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were more fully set forth at length herein in answer to paragraph number "56" of the Verified Amended Complaint.

57. Denies each and every allegation contained in paragraph "57" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

58. Denies each and every allegation contained in paragraph "58" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

59. Denies each and every allegation contained in paragraph "59" of the Verified Amended Complaint.

60. Denies each and every allegation contained in paragraph "60" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

61. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "61" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

### ANSWERING THE SEVENTH CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF EDDY I. GARCIA

62. The answering defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were more fully set forth at length herein in answer to paragraph number "62" of the Verified Amended Complaint.

63. Denies each and every allegation contained in paragraph "63" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

64. Denies each and every allegation contained in paragraph "64" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

65. Denies each and every allegation contained in paragraph "65" of the Verified Amended Complaint.

66. Denies each and every allegation contained in paragraph "66" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

67. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "67" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

### ANSWERING THE EIGHTH CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF KENNY J. GARCIA

68. The answering defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were more fully set forth at length herein in answer to paragraph number "68" of the Verified Amended Complaint.

69. Denies each and every allegation contained in paragraph "69" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

70. Denies each and every allegation contained in paragraph "70" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

71. Denies each and every allegation contained in paragraph "71" of the Verified Amended Complaint.

72. Denies each and every allegation contained in paragraph "72" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

73. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "73" of the Verified Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

74. Any and all risks, hazards, defects and dangers alleged were of an open, obvious and apparent nature and inherent and known or should have been known to the plaintiffs and plaintiff's decedent herein, and the plaintiffs and plaintiff's decedent willingly and voluntarily assumed all such risks, hazards, defects and dangers. If it is determined that the plaintiffs and plaintiff's decedent assumed the risk, the answering defendant pleads said facts in diminution of damages in the proportion which the culpable conduct attributable to the plaintiffs and plaintiff's decedent bears to the culpable conduct which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

75. If the injuries and damages were sustained by the plaintiffs and plaintiff's decedent at the time and place and in the manner alleged in the Verified Amended Complaint, such injuries and damages are attributable, in whole or in part, to the culpable conduct of the plaintiffs and plaintiff's decedent, and if any damages are recoverable against this answering defendant, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the plaintiffs and plaintiff's decedent bears to the culpable conduct which caused the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

76. If the injuries and damages were sustained by the plaintiffs and plaintiff's decedent at the time and place and in the manner alleged in the Verified Amended Complaint, such injuries and damages are attributable, in whole or in part, to the culpable conduct of third parties, and if any damages are recoverable against this answering defendant, the amount of such damages shall be diminished in the

proportion which culpable conduct attributable to third parties bear to the culpable conduct which caused the damages, pursuant to CPLR § 1601.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

77. The Verified Amended Complaint herein fails to state a cause of action upon which relief may be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

78. That upon information and belief, the plaintiffs and plaintiff's decedent were not wearing seatbelts at the time of the alleged occurrence and accordingly, any award made to and accepted by the plaintiffs and plaintiff's decedent for any injuries set forth in the Verified Amended Complaint must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by the plaintiffs and plaintiff's decedent's failure to wear seatbelts and to have same operational at the time of the occurrence pursuant to Vehicle and Traffic Law § 1229-c of the State of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

79. The plaintiffs and plaintiff's decedent's cause of action is barred by Insurance Law § 5102 and § 5104 in that the plaintiffs and plaintiff's decedent and the answering defendant are "covered persons" and Insurance law § 5104 states that in any action by or on behalf of a "covered person" for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right to recovery for non-economic loss, except in the case of "serious injury" or for economic loss greater than "basic economic loss," and that plaintiffs and plaintiff's decedent failed to sustain a "serious injury" or economic loss greater than "basic economic loss".

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

80. The place and trial where the instant action was originally commenced, is an improper county/jurisdiction.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

81. The liability of this defendant, if any, to the plaintiffs and plaintiff's decedent for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiffs and plaintiff's decedent could have obtained personal jurisdiction with due diligence.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

82. In the event plaintiffs and/or plaintiff's decedent recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiffs and/or plaintiff's decedent, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

83. That any injuries which plaintiff's decedent may have sustained at the time and place set forth in the Verified Amended Complaint herein and which resulted in her death therein alleged were caused in whole or in part by the contributory negligence and/or culpable conduct of the plaintiff's decedent and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendant.

**WHEREFORE**, the answering defendant demands judgment dismissing the Verified Amended Complaint of the plaintiffs, together with the attorneys' fees, costs and disbursements of this action.

Dated:   New York, New York
         May 24, 2007

                                        Respectfully submitted,

                                        LESTER SCHWAB KATZ & DWYER, LLP

                                        _____
                                        Harold J. Derschowitz (HJD-9910)
                                        Attorneys for Defendant
                                        GINNETTI TRUCKING, LLC,
                                        120 Broadway
                                        New York, New York  10271
                                        (212) 964-6611

TO:

GAIR, GAIR, CONASON,
STEIGMAN & MACKAUF
80 Pine Street
New York, New York  10005
(212) 943-1090
Attorneys for Plaintiffs

## ATTORNEY'S VERIFICATION

The undersigned affirms the following statement to be true under the penalty of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is Of Counsel to the firm of LESTER SCHWAB KATZ & DWYER, LLP, attorneys for defendant, GINNETTI TRUCKING, LLC,.

That he has read the foregoing document and knows the contents thereof, and that the same is true to the knowledge of your deponent except as to the matters therein alleged upon information and belief and that as to those matters he believes them to be true.

That the reason why this affirmation is being made by your deponent and not by the said defendant is that said corporation does not maintain an office with an officer having knowledge of the facts in the county where your affirmant's firm maintains its offices.

That the source of your deponent's information and the grounds of his belief as to all the matters therein alleged upon information and belief are reports from and communications had with said corporation.

Dated: New York, New York
May 24, 2007

_____
Harold J. Derschowitz (9910)

### Declaration of Service

I served the annexed AMENDED VERIFIED ANSWER by first-class mail on the following persons on May 25, 2007:

> GAIR, GAIR, CONASON,
> STEIGMAN & MACKAUF
> 80 Pine Street
> New York, New York  10005
> (212) 943-1090
> Attorneys for Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 25, 2007.

_____
DEBBIE A. CAMPBELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EDDYS N. GARCIA, as Administrator of the
Goods, Chattels and Credits which were of
WENDY SANTOS, deceased, EDDYS N.
GARCIA, individually, EDDY I. GARCIA, an
infant by his father and natural guardian,
EDDYS N. GARCIA, and KENNY J. GARCIA,
an infant by his father and natural guardian,
EDDYS N. GARCIA,

          Plaintiffs,

  -against-

GINNETTI TRUCKING, LLC,

          Defendant.
-----------------------------------------------------------------x

**Docket No.: 07 CIV 4045**

**Judge Lynch**

**DEFENDANT DEMANDS TRIAL BY JURY**

**AMENDED VERIFIED ANSWER**

**LESTER SCHWAB KATZ & DWYER, LLP**

**ATTORNEYS FOR** **Defendant**
       **GINNETTI TRUCKING, LLC,**

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX: (212) 267-5916