```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
EDDYS N. GARCIA, as Administrator of the        NOTICE TO PRODUCE
Goods, Chattels and Credits which were          PURSUANT TO
of WENDY SANTOS, deceased, EDDYS N.             FRCP RULE 34
GARCIA, individually, EDDY I. GARCIA, an
infant by his father and natural guardian,
EDDYS N. GARCIA, and KENNY J. GARCIA, an        07 CIV 4045 GEL
infant by his father and natural guardian,
EDDYS N. GARCIA,

                    Plaintiffs,

        -against-

GINNETTI TRUCKING, LLC,

                    Defendant.
-----------------------------------------------X
```

TO DEFENDANT GINNETTI TRUCKING, LLC

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff requests that defendant, GINNETTI TRUCKING, LLC, produce and permit plaintiff to inspect and copy the following documents:

1.  Names and addresses of all persons claimed by defendant to have either witnessed the accident or to have firsthand knowledge of its occurrence or knowledge of the relevant facts and circumstances surrounding the occurrence, whether by the defendant at the scene of the accident or thereafter obtained by their attorneys or representatives. If no such persons are known to defendant or defendant's representatives, so state in reply to this demand.

2.  The names and addresses of all witnesses who can testify to notice and the condition complained of.

3. The names and addresses of all witnesses who possess vital information which bears on the liability issues.

4. The names and addresses of all witnesses who will testify to the existence of a defective condition which was a competent producing cause of the accident.

5. All statements of the plaintiff including written statements, tape recordings and videotapes, or any transcripts thereof.

6. Any and all photographs in the possession of the defendant, defendant's insurance representatives or attorneys, taken of the defendant's vehicle involved in this occurrence.

7. Any and all photographs in the possession of the defendant, defendant's insurance representatives or attorneys, taken of the scene of the occurrence.

8. Each and every photograph, videotape, film, audiotape, including out-takes, memoranda and/or transcripts thereof, of any of the parties, their agents, servants, employees of others allegedly acting on behalf of the parties, including but not limited to, all such material that will be offered or referred to at trial, together with all such material in the possession or control of the party to whom the within Notice is addressed.

9. Any and all incident reports filed in the regular course of business relating to this occurrence.

10. Driver's Log Book for Bruce Lauritzen, for the date of occurrence herein.

11. Driver's Trip Sheet for Bruce Lauritzen, for the date of occurrence herein.

12. Driver's Route Schedule for Bruce Lauritzen, for the date of occurrence herein.

13. Driver's Time Card for Bruce Lauritzen, for the date of occurrence herein.

14. Inspection reports prepared for the trailer involved in the occurrence, including the inspection report for the date of accident.

15. The first inspection report and checklist for the trailer being hauled by Bruce Lauritzen on his return on or after the date of the occurrence herein.

16. Purchase orders for the tires and wheels on the trailer being hauled by Bruce Lauritzen.

17. Security/equipment Control Report.

18. All contracts between GIANNETTI TRUCKING, LLC, with respect to the inspection, repairs and maintenance of the trailer involved in the occurrence herein.

19. Specifications for the trailer being hauled by Bruck Lauritzen, on the date of the occurrence, including tire and wheel specifications.

20. All maintenance records for the tractor, trailer and chassis alleged to be involved in the accident on which plaintiff's complaint is based, from the 2 years prior to the accident through and including the 6 months following the

accident.

21. All records pertaining to the ownership of the tractor, trailer and chassis alleged to be involved in the accident.

22. All records regarding the tandem wheels and tires which dislocated from the 5th axle assembly of the 5th axle wheel on the driver's (left) side of the subject trailer, including but not limited to records pertaining to their manufacture, installation, maintenance, inspection, repair, storage, current whereabouts.

23. All post-accident repair records/photographs pertaining to the chassis involved in the accident.

24. The title and registration for the subject tractor.

25. The title and registration for the subject trailer.

26. Inspection form, sheet and/or book or other documents concerning any inspection of the tractor and/or trailer performed on the date of the accident.

27. A copy of the defendant's insurance policy, declaration sheet and amendments, if any, including all excess policies.

28. A copy of any accident report prepared by the defendant and/or Bruce Lauritzen.

29. All driver's logs, manifests and other documents prepared by or on behalf of Bruck Lauritzen for the period of 30 days prior to and including July 2, 2006.

30. All documents concerning any inspection, maintenance or repair of the gasoline trailer, CT registration #V69624 involved in the occurrence herein.

31. All documents concerning annual inspections of the aforesaid trailer ro 3 years prior to the date of the occurrence.

32. All documents concerning the incident alleged in plaintiff's complaint prepared in the ordinary course of business.

33. All personnel files maintained by GINNETTI TRUCKING, LLC for Bruce Lauritzen.

34. All documents which show that any maintenance, inspection or replacement was performed on the wheel bearings for the dual 5th axle wheels on the left side of the trailer involved in the occurrence herein for two (2) years prior to the occurrence herein.

35. All documents concerning any tires and/or wheels which came off of any GINNETTI TRUCKING LLC trailer for a period of one (1) year prior to July 2, 2006.

36. All manuals, written rules and regulations and any other documents kept in the regular course of business by the defendant, GINNETTI TRUCKING, LLC, containing procedures in effect in 2005 and 2006 regarding maintenance and inspection of trailers, chassis, wheels, wheel assemblies, bearings, tires and axles.

37. All manufactures' manuals and brochures and all manufactures recommendations as to maintenance and inspection concerning the type of trailer, chassis, wheels, wheel assemblies, bearing, tires and axles of the trailer allegedly involved in the incident in question.

38. The name and address of the entity which maintained the trailer involved in the occurrence for a period of three (3) years prior to July 2, 2006.

39. Copies of any report prepared by defendant regarding the occurrence which were submitted to any governmental entity.

40. All records and other information provided by defendant regarding the occurrence herein to the Federal Motor Vehicle Carrier Safety Administration and/or to the United States Department of Transportation.

41. All written communications and documents concerning the occurrence herein generated by the defendant, GINNETTI TRUCKING, LLC, its agents, servants and/or employees.

PLEASE TAKE FURTHER NOTICE that if the defendant, or defendant's representatives obtain names and addresses of persons who witnessed the accident or have firsthand knowledge of its occurrence subsequent to the service of this notice, this information is to be furnished to the plaintiff whenever obtained. The plaintiff will object at the time of trial to the testimony of any persons not so identified. The plaintiff will move to preclude the testimony of any persons not so identified.

PLEASE TAKE FURTHER NOTICE, that if any of the aforesaid recordings were taken of the plaintiff and are not produced, objection will be made to their introduction at the time of trial.

Said discovery is to be produced on the 10th day of July, 2007, at 2:00 p.m., 34th Floor, 80 Pine Street, New York, NY.

PLEASE TAKE FURTHER NOTICE that a written communication enclosing the aforerequested information may be sent prior to the abovementioned time in lieu of a personal appearance on the above date.

Dated:    New York, New York
          June 13, 2007

                                        GAIR, GAIR, CONASON,
                                        STEIGMAN & MACKAUF
                                        Attorneys for Plaintiffs


                                By:   /S/     ANTHONY H. GAIR
                                      ANTHONY H. GAIR (AHG5408)
                                      A Member of the Firm
                                      Office & P.O. Address
                                      80 Pine Street
                                      New York, NY 10005
                                      (212) 943-1090

TO:  ATTN: HAROLD S. DERSCHOWIT, ESQ.
     LESTER, SCHWAB, KATZ & DWYER
     Attorneys for Defendant
     GINNETTI TRUCKING, LLC
     120 Broadway
     New York, NY 10271