```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
EDDYS N. GARCIA, as Administrator of the          INTERROGATORIES
Goods, Chattels and Credits which were of
WENDY SANTOS, deceased, EDDYS N. GARCIA,
individually, EDDY I. GARCIA, an infant
by his father and natural guardian,
EDDYS N. GARCIA, and KENNY J. GARCIA,             07 CIV 4045 GEL
an infant by his father and natural
guardian, EDDYS N. GARCIA,

                            Plaintiffs,

        -against-

GINNETTI TRUCKING, LLC,

                            Defendant.
------------------------------------------------X
```

TO:   GINNETTI TRUCKING, LLC, DEFENDANT

FROM:   EDDYS N. GARCIA

Plaintiff, EDDYS N. GARCIA, by his attorneys, Gair, Gair, Conason, Steigman & Mackauf, hereby propound Interrogatories upon the defendant, GINNETTI TRUCKING, LLC, to fully, under oath, and in accordance with Federal Rule of Civil Procedure 33, subject to the instructions set forth below:

INSTRUCTIONS

a.  These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or difference information before trial.

b.  Unless otherwise stated, these Interrogatories refer to the time, place and circumstances of the vehicular accident and personal injuries mentioned or complained of in the Complaint.

c.  Where name and identity of a person is required, please state full name, home address and also business address, if known.

d.  Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorney's. When answer is made by corporate defendant, state the name, address and title of persons supplying the information and making the affidavit, and announce the source of his or her information.

e.  The pronoun "you" refers to the party to whom the Interrogatories are addressed and the parties mentioned in clause (d).

f.  "Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principle place of business, or if an individual, the present or last known home address, his or her job title or titles, by whom employed and address of the place of employment.

g.  "Occurrence" is defined as the vehicular accident that occurred on July 2, 2006.

## INTERROGATORIES

1. Identify all representatives of the defendant, GINNETTI TRUCKING, LLC, who assisted in responding to these Interrogatories.

2. State whether GINNETTI TRUCKING, LLC, was aware prior to the date of the occurrence of any problems with the tandem wheels on the 5th axle of the trailer involved in the occurrence prior to and/on the date of the occurrence. If your answer is yes, state:

    (A) Who at GINNETTI TRUCKING, LLC, was aware of said problems.

    (B) When said person(s) first became aware of said problems.

3. State whether prior to the date of the occurrence, employees of GINNETTI TRUCKING, LLC, repaired, adjusted, greased, oiled and/or maintained the subject trailer's wheels and tires, listing the names of said employees.

4. State the last date prior to the occurrence when the said trailer's wheels and axles were adjusted, greased, oiled and/or repaired stating the name(s) of the employees who adjusted, greased, oiled and/or repaired the trailer's axles and wheels.

5. State whether prior to and on July 2, 2006 Bruce Lauritzen was an employee of GINNETTI TRUCKING, LLC. If the answer is yes, state:

   (A) What his position was.

   (B) The length of his employment.

   (C) State whether Bruce Lauritzen is still employed by GINNETTI TRUCKING, LLC, and if not, provide his last known address.

6. State on July 2, 2006 who the officers of GINNETTI TRUCKING, LLC, were, giving their names and office held.

7. State whether prior to and on July 2, 2006 Michael Borrelli was employed by GINNETTI TRUCKING, LLC. If the answer is yes, state:

   (A) What his position was.

   (B) The length of his employment.

   (C) Whether he, or any employee of GINNETTI TRUCKING, LLC pursuant to his direction ever repaired, adjusted, greased and oiled and/or maintained the subject trailer's wheels and axles.

   (D) State whether Michael Borrelli is still employed by GINNETTI TRUCKING, LLC and if not, provide his last known address.

8. State the names of all mechanics employed by GINNETTI TRUCKING, LLC for one (1) year prior to and including July 2, 2006 who maintained, serviced, inspected and/or repaired the subject trailer giving their full names and positions and whether they are still employed by GINNETTI TRUCKING, LLC. For those who are not please provide their last known address.

9. State the factual basis for the First Affirmative Defense that any and all risks, hazards, defects and dangers alleged were of an open, obvious, and apparent nature and inherent and known or should have been known to plaintiffs and plaintiff's decedent and the plaintiffs and plaintiffs' decedent willingly and voluntarily assumed all such risks, hazards, defects and dangers.

10. State the factual basis for the Second Affirmative Defense that if the injuries and damages were sustained by the

    plaintiffs and plaintiff's decedent at the time and place and in the manner alleged in the Verified Amended Complaint, such injuries and damages are attributable in whole or in part, to the culpable conduct of the plaintiffs and plaintiffs' decedent.

11. State the factual basis for the Third Affirmative Defense that any injuries or damages sustained by plaintiffs or plaintiffs' decedent are attributable to the culpable conduct of third parties stating the names and addresses of said third parties.

12. State the factual basis for the Fifth Affirmative Defense that the plaintiffs and plaintiffs' decedent were not wearing seatbelts at the time of the occurrence and how such claimed failure aggravated or contributed to the injuries sustained by plaintiffs and plaintiffs' decedent.

13. State the factual basis for the Eleventh Affirmative Defense that any injuries which plaintiffs' decedent may have sustained at the time and place set forth in the Verified Amended Complaint and which resulted in her death were caused in whole or in part by the contributory negligence and/or culpable conduct of the plaintiffs' decedent and not as a result of any contributory negligence and/or culpable conduct on the part of the answering defendant.

Dated:  New York, New York
        June 18, 2007

                GAIR, GAIR, CONASON,
                STEIGMAN & MACKAUF

            By:  /S     ANTHONY H. GAIR
                Anthony H. Gair (AHG5408)
                Attorneys for Plaintiffs
                80 Pine Street
                New York, NY 10005
                (212) 943-1090

TO:  LESTER, SCHWAB, KATZ & DWYER, LLP
     Attorneys for Defendant
     120 Broadway
     New York, NY 10271-0071
     Att: Harold J. Derschowitz, Esq.