AHG:sm

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
EDDYS N. GARCIA, as Administrator of the          ANSWERS TO
Goods, Chattels and Credits which were            INTERROGATORIES
of WENDY SANTOS, deceased, EDDYS N.               PROPOUNDED BY
GARCIA, individually, EDDY I. GARCIA, an          <u>DEFENDANT</u>
infant by his father and natural guardian,
EDDYS N. GARCIA, and KENNY J. GARCIA, an          07 CV 4045
infant by his father and natural guardian,        (GEL)
EDDYS N. GARCIA,

                              Plaintiff,

              -against-

GINNETTI TRUCKING, LLC,

                              Defendant.
-----------------------------------------x

S I R S :

          Plaintiff, for his response to the interrogatories

propounded by defendant, alleges as follows, upon

information and belief:

<u>INTERROGATORY 1</u>:

          Plaintiffs' and plaintiff's decedent's residence

at the time of the commencement of the within lawsuit and

their current address, if different.

          (a)   Plaintiff's decedent's residence at the time
                of her death.

          (b)   Plaintiff's decedent's mailing address for
                receipt of all mail, including but not
                limited to bills, bank statements, tax
                documents and solicitations.

          (c)   The City, State and County where plaintiff's
                decedent was registered to vote at the time
                of her death.

          (d)   The State(s) who issued motor vehicle
                operator license(s) to plaintiffs and/or
                plaintiff's decedent, including the
                license(s) number(s) thereof and date(s) of
                validity.

(e)   The State(s) in which plaintiff and/or
      plaintiff's decedent had a motor vehicle(s)
      registered in his/her name on the date of
      loss.

ANSWER:

(a)&(b)   2786 Jerome Avenue
          Apt. 1E
          Bronx, New York 10468

(c)   City and County of Bronx
      State of New York

(d)   Plaintiff, EDDYS N. GARCIA
      New York State License No. 705296798
      Valid to 9/29/07

(e)   New York

INTERROGATORY 2:

The date and approximate time of day of the

occurrence alleged in the Verified Complaint.

ANSWER:

July 2, 2006 at approximately 8:00 p.m.

INTERROGATORY 3:

The approximate location of the happening of the

occurrence in sufficient detail so as to permit accurate

identification of such location.

ANSWER:

The accident occurred on Interstate Route 95, in

the area of Exit 9, in the Town of Darien, State of

Connecticut.

2

INTERROGATORY 4:

        A general description of the occurrence, together with identification of the parts or any equipment or other instrumentality involved in the occurrence.

ANSWER:

        A tractor trailer was traveling eastbound on Interstate Route 95, in the area of Exit 9, when the left side tandem wheels dislocated from the 5th axle of the trailer and traveled into the westbound lane, striking the front windshield of plaintiff's vehicle which had been traveling westbound on Interstate Route 95.

INTERROGATORY 5:

        If the Plaintiff claims a dangerous, unsafe or defective condition(s) was the cause of the occurrence:

    (a)   Describe that condition;

    (b)   Set forth in what manner the condition described was dangerous, defective and/or unsafe;

    (c)   Specify the date and time when the condition was caused or created;

    (d)   Set forth the identity of the person or company who caused or created the condition.

ANSWER:

        (a) & (b) The tandum wheels of the subject trailer were in a dangerous, hazardous and unsafe condition in that the wheels were not properly lubricated, thereby causing a

3

failure of the outer bearing assembly and hub, causing the
wheels (tires) to release from the axle.

(c) The exact time and date when the condition was
caused or created is not known.  It is claimed that the
wheels on the 5th axle of the trailer had not been properly
lubricated prior to and on the date of the occurrence.

(d) The defendant, GINNETTI TRUCKING, INC., its
agents, servants and employees.

INTERROGATORY 6:

A general statement of the acts or omissions of
each defendant, separately stated, constituting any
negligence claimed.

ANSWER:

The aforesaid occurrence was caused and
contributed to by the negligence of the defendant, its
agents, servants and/or employees in the inspection,
examination, evaluation, diagnosis, servicing, repair and
maintenance of the aforementioned trailer, and in
particular, the wheels and appurtenant parts; in failing to
properly inspect and maintain the trailer, and in
particular, the wheels and appurtenant parts; in inspecting
and maintaining the trailer, and in particular, the wheels
and appurtenant parts, in a careless, negligent, improper
and dangerous manner; in failing to lubricate the wheels and

4

appurtenant parts; in failing to diagnose and detect the problem with the wheels; in failing to properly and adequately service and repair the wheels; in failing to service and repair the problem with the wheels; in providing a dangerous and defective tractor and trailer;

In affixing wheels to the trailer which were not lubricated; in affixing wheels to the trailer in a careless and negligent manner; in failing to insure that the wheels were properly and adequately lubricated; in failing to insure that the wheels were properly and adequately secured to the trailer; in failing to take the proper and necessary precautions to ensure that the wheels would not break, separate and/or dislodge from the trailer; in affixing the wheels to the trailer in such a manner that they broke, separated and dislodged from the trailer while the aforementioned tractor trailer was in operation; in maintaining the tandem wheels in a careless and negligent manner; in failing to properly and adequately inspect the tandem wheels; in negligently certifying the tractor trailer as road worthy according to FHWA and FMCSR guidelines; in affixing wheels to the trailer which were dangerous, hazardous and unsafe; in affixing wheels to the trailer in an improper, dangerous, hazardous, careless and unsafe manner, so that they broke, separated and dislodged from the

5

5th axle of the trailer, thereby striking the plaintiff's vehicle;

In carelessly and negligently supervising, training and advising its employees; in failing to ensure employees possessed the knowledge and skills required to properly and adequately inspect, service and maintain the trailer, and in particular, the wheels and appurtenant parts; in failing to implement and apply proper procedures in the inspection, servicing and maintenance of the trailer, and in particular, the wheels and appurtenant parts; in inspecting, servicing and  maintaining the trailer, and in particular, the wheels and appurtenant parts, in a manner which allowed the wheels to break, separate and dislodge from the 5th axle of the trailer and strike the plaintiff's vehicle;

In causing, permitting and allowing the wheels to break, separate and dislodge from the 5th axle of the trailer; in causing, permitting and allowing the aforementioned tractor trailer to be driven in a dangerous, hazardous and unsafe condition; in violating the traffic laws, rules and regulations, statutes and ordinances then and there prevailing, including but not limited to Sections 396.3 and 396.3(a)(1) of the Federal Motor Carrier Safety Regulations; in allowing a condition to exist which

permitted wheels to separate from the trailer; and in causing, permitting and allowing the aforementioned tractor trailer to be driven in a condition which they knew or should have known was inherently dangerous, hazardous and unsafe;

In causing, permitting and allowing the aforementioned tractor trailer to be operated despite the knowledge and fact that the wheels were not properly affixed to the trailer and were not properly lubricated; in causing, permitting and allowing an inherently and unreasonably dangerous situation to exist, which constituted a menace and peril to life and limb to anyone in the vicinity of the tractor trailer; in causing, permitting and allowing the tractor trailer to be operated without proper and adequate inspection of the trailer's wheels; in allowing the tractor trailer to be operated despite the fact that the wheels were affixed to the trailer in such a manner so as to allow the wheels to break, separate and dislodge from the trailer; in allowing the tractor trailer to be operated from which the wheels broke, separated and dislodged; in failing to prevent the wheels of the trailer from striking the plaintiffs' vehicle; in failing to take measures and precautions necessary and calculated so as to avoid the occurrence. Defendant is also liable under the doctrine of <u>Res Ipsa Loquitur</u>.

INTERROGATORY 7:

        Whether actual or constructive notice of any defective or dangerous condition or activity is claimed and if so set forth the nature and extent of such condition or activity.

ANSWER:

        Actual and constructive notice of the dangerous, hazardous and unsafe condition of the trailer's wheels is claimed, although actual and constructive notice is not a prerequisite to recovery since the defendant created the dangerous, hazardous and unsafe condition by failing to properly and adequately lubricate the wheels.

INTERROGATORY 7(a):

        If actual notice is claimed, then set forth the following:

      (i)   The date or dates of each said notice.

      (ii)  The names of the agents and/or servants of the Defendants to whom said actual notice was allegedly given on each such date.

    (iii)  By whom said actual notice was allegedly given on each such dates.

      (iv)  The substance of each said notice.

ANSWER:

        It is alleged that the defendant had actual notice of the dangerous, hazardous and unsafe condition of the

trailer's wheels.  At this time, the plaintiff does not know the names of the persons who were given actual notice, or when and how such notice was given.  It is claimed that the defendant, its agents, servants and employees had actual notice of the condition as they created said condition.

INTERROGATORY 7(b):

If constructive notice is claimed, the length of time said condition is alleged to have existed prior to the happening of the alleged occurrence.  If the length of time is not known, so state.

ANSWER:

Constructive notice is claimed since, upon information and belief, the dangerous, hazardous and unsafe condition of the trailer's wheels existed for a sufficient period of time prior to the occurrence so that the defendant in the exercise of reasonable care should have known of said condition.

INTERROGATORY 8:

A statement of any injuries to each plaintiff and to plaintiff's decedent claimed to have resulted from the occurrence, and a description of those claimed to be permanent; and a description of those injuries which resulted in plaintiff's decedent's death.

ANSWER:

The decedent, WENDY SANTOS, sustained the

following injuries as a result of the occurrence herein:

Comminuted compound fracture of the skull with extrusion of cerebral hemisphere; massive head injury with gaping laceration and exposure and dislodgement of brain substance; distortion of facial features; collapse of bilateral orbital cavities; dislodgement of globes and nose; extensive fracture with dislocation of the atlantoaxilary joint; rupture of the right globe; separation of the dura from the cranial vault and base of skull; gaping laceration and fracture of the carpal bones of the left hand; multiple abrasions and lacerations throughout the body; injuries to the nerves, muscles, tissues, ligaments, tendons and blood vessels in the areas of the impact injuries; impairment of circulation and sensory disturbances in the areas of the impact injuries; pain, swelling stiffness and tenderness in the areas of the impact injuries.

Upon information and belief, the decedent suffered excruciating pain from the time she was struck and crushed by the wheel until her death. The decedent also, upon information and belief, suffered fear and terror as a result of the apprehension of her imminent death.

The decedent died as a result of the foregoing injuries on July 2, 2006.

The plaintiff, EDDYS N. GARCIA, sustained the

10

following injuries as a result of the occurrence herein:

Trauma to the head and neck; fracture and hemorrhage of the cervical spine at C1; flexion/extension injury to the cervical spine with avulsion of the C1-C2 ligaments; edema of soft tissue surrounding the tip of the odontoid; severe headaches; injuries to the nerves, muscles, tissues, ligaments, tendons and blood vessels in the areas of the head and neck; impairment of circulation and sensory disturbances in the areas of the head and neck; pain, swelling and tenderness in the areas of the head and neck.

The plaintiff necessitated physical therapy and numerous diagnostic studies, including MRIs, CT scans and x-rays.  The plaintiff continues to require physical therapy in the form of ultrasound, cervical traction, massage, range of motion and muscle strengthening exercises.

As a result of the foregoing, the plaintiff has suffered a disruption of his lifestyle and limitations placed on his daily activities; and continues to suffer from limitation of motion, decreased sensation, endurance and dexterity in the areas of the aforesaid injuries.

Upon information and belief, all of the above injuries are of a permanent and lasting nature, save for superficial bruises and abrasions.

The infant plaintiff, EDDY I. GARCIA, sustained

11

the following injuries as a result of the occurrence herein:

Closed head injury with loss of consciousness; hematoma on the right side of scalp; cervical strain; abrasions to the right neck and shoulder; injuries to the nerves, muscles, tissues, ligaments, tendons and blood vessels in the areas of the head, neck and upper extremities; impairment of circulation and sensory disturbances in the areas of the head, neck and upper extremities; pain, swelling and tenderness in the areas of the head, neck and upper extremities.

While hospitalized, the infant plaintiff required CT Scans and X-rays.

The infant plaintiff, KENNY J. GARCIA, sustained the following injuries as a result of the occurrence herein:

Contusion/abrasion to the left upper extremity; injuries to the nerves, muscles, tissues, ligaments, tendons and blood vessels in the area of the left upper extremity; impairment of circulation and sensory disturbances in the area of the left upper extremity; pain, swelling and tenderness in the area of the left upper extremity.

INTERROGATORY 8(a):

If it claimed that the incident in question exacerbated and/or aggravated any physical condition of the plaintiffs and/or plaintiff's decedent, set forth

specifically each and every physical condition it is claimed
was exacerbated and/or aggravated and set forth the names
and addresses of each and every physician who treated or
examined the plaintiff for such condition <u>prior to</u> the date
of the incident herein.

<u>ANSWER</u>:

      Not claimed.

<u>INTERROGATORY 9</u>:

      The length of time that plaintiff's decedent was
confined to a hospital or other health care facility prior
to her death, as a result of the occurrence, with the name
and address of each such hospital or facility and the dates
of admission and discharge.

<u>ANSWER</u>:

      The plaintiff's decedent was not confined to a
hospital or health care facility as a result of the
occurrence herein.

<u>INTERROGATORY 10</u>:

      The length of time each plaintiff and/or
plaintiff's decedent was confined to:

      (a)  Bed;
      (b)  Home;
      (c)  Hospital.

<u>ANSWER</u>:

      (a) The plaintiff's decedent, WENDY SANTOS, was

13

not confined to bed as a result of the occurrence herein.

Upon information and belief, the plaintiff, EDDYS N. GARCIA, was not confined to his bed as a result of the occurrence herein.

Upon information and belief, the infant plaintiff, EDDY I. GARCIA, was not confined to his bed as a result of the occurrence herein.

Upon information and belief, the infant plaintiff, KENNY J. GARCIA, was not confined to his bed as a result of the occurrence herein.

(b)  The plaintiff's decedent, WENDY SANTOS, was not confined to home as a result of the occurrence herein.

Upon information and belief, the plaintiff, EDDYS N. GARCIA, was confined to his home in that any activities outside of the home were limited for approximately two (2) months, as a result of the occurrence herein.

Upon information and belief, the infant plaintiff, EDDY I. GARCIA, was not confined to his home as a result of the occurrence herein.

Upon information and belief, the infant plaintiff, KENNY J. GARCIA, was not confined to his home as a result of the occurrence herein.

(c)  The plaintiff's decedent, WENDY SANTOS, was not confined to a hospital as a result of the occurrence

14

herein.

The plaintiff, EDDYS N. GARCIA, was confined to the following hospitals for the periods indicated:

> Stamford Hospital
> 30 Shelburne Road
> Stamford, CT 06904
>
> D/A:  7/2/06
> D/D:  7/3/06

The infant plaintiff, EDDY I. GARCIA, was confined to the following hospitals for the periods indicated:

> Stamford Hospital
> 30 Shelburne Road
> Stamford, CT 06904
>
> D/A:  7/2/06
> D/D:  7/2/06
>
> New York Presbyterian Hospital
> 525 East 68th Street
> New York, NY 10021
>
> D/A:  7/3/06
> D/D:  7/3/06

The infant plaintiff, KENNY J. GARCIA, was confined to the following hospitals for the periods indicated:

> Stamford Hospital
> 30 Shelburne Road
> Stamford, CT 06904
>
> D/A:  7/2/06
> D/D:  7/3/06

15

INTERROGATORY 11:

       The occupation of each plaintiff and plaintiff's decedent at the time of the occurrence including the name and address of each employer for the five (5) years preceding the occurrence and each plaintiff's and plaintiff's decedent's job title and annual earnings for each said five years.

ANSWER:

       At the time of the occurrence, the plaintiff's decedent, WENDY SANTOS, was employed as a school bus escort with the Department of Education, City of New York by AVM Service Corp. located at 50 Snediker Avenue, Brooklyn, New York, 11207 from September 8, 2003 through the date of her death.  The decedent earned approximately $21,000.00 per year at the time of the occurrence herein.

       From September 23, 1997, to the date of her death on July 2, 2006, the decedent had been employed under the Amalgamated Transit Union A.F.L.-C.I.O., Local Union No. 1181-1061.  In the year 2005, the decedent earned $21,590.78, and $20,365.00 for the year 2004.

       At the time of the occurrence, the plaintiff, EDDYS N. GARCIA, was employed as a project manager by ACME Steel Door & Hardware located at 251 Lombardy Street,

16

Brooklyn, New York, 11222.  The plaintiff earned $38,238.29 in the year 2006.

INTERROGATORY 11(a):

If plaintiffs and/or plaintiff's decedent were student(s) on the date of incident, provide the name and address of the school/institution he/she was attending; the nature of the degree being sought; the dates of attendance from first day up to the date of the incident; the date upon which a degree was to be conferred; and when said plaintiff returned to said school/institution following the subject incident.

ANSWER:

Neither the plaintiff nor the plaintiff's decedent were students at the time of the occurrence herein.

INTERROGATORY 12:

The total of special damages for each plaintiff and plaintiff's decedent incurred to date and the claimed future damages (along with a statement concerning the manner of their computation) with regard to the following:

(a) Physician's services, including the name and address of each physician who treated plaintiff for the injuries claimed to have been caused by or aggravated by the occurrence;

(b) Medical supplies, including a description of each item and the name and address of the supplier from whom such supplies were purchased;

17

(c)  Loss of past and/or future earnings and benefits, including the specific manner in which said loss as regards plaintiff's decedent is computed;

(d)  Hospital expenses and clinic charges;

(e)  X-rays, other than those for which charges were included in hospital expenses;

(f)  Custodial care costs and expenses;

(g)  Nurses' services, other than those for which charges were included in hospital expenses;

(h)  Pharmaceutical costs and expenses;

(i)  Funeral and burial expenses;

(j)  All other items of special damage.

ANSWER:

(a)  Scott Simon, M.D.
     Orthopaedic &  Neuro
     Surgical Specialists
     6 Greenwich Office Park
     Greenwich, CT 06831            $     425.00

     Suzy Shukovsky, M.D.
     Stamford Hospital
     30 Shelburne Road
     Stamford, CT 06904            $     112.89

     Rhett Silver, M.D.
     2676 Grand Concourse
     Suite A
     Bronx, NY 10458              $     285.78

     Columbia University College
     of Physicians and Surgeons
     630 West 168th Street
     New York, NY 10032           $   1,200.00

(b)  To be provided.

(c)  To be provided.

(d)  Stamford Hospital            $  41,618.64

18

|  | New York Presbyterian Hospital | $ | 660.65 |
|---|---|---|---|
| (e) | Stamford Radiological Associates, P.C. | $ | 2,782.75 |
|  | Columbia University Radiologists | $ | 3,624.63 |
| (f) | None. | | |
| (g) | None. | | |
| (h) | None. | | |
| (i) | R.G. Ortiz Funeral Home Inc. | $ | 4,591.00 |
| (j) | Other: | | |

|  | Concourse Chiropractic 2676 Grand Concourse Suite A Bronx, NY 10458 | $ | 155.84 |
|---|---|---|---|
|  | Vista Medical Rehab PC 2676 Grand Concourse Suite A Bronx, NY 10458 | $ | 209.32 |
|  | Blue Sky Acupuncture 2676 Grand Concourse Suite A Bronx, NY 10458 | $ | 60.00 |
|  | Darien EMS - Post 53 P.O. Box 290184 Wethersfield, CT 06129 | $ | 646.00 |

INTERROGATORY 13:

With respect to the amounts of special damages set forth in paragraph 12,

    (a) State whether any part of the cost of physician's services, medical supplies, hospital expenses, nurses services, funeral/burial expenses, or loss of earnings was replaced or indemnified from any

19

collateral source such as insurance, social
security, workers' compensation or employee
benefits programs, or any life insurance or
death benefits;

(b)    If the anser is in the affirmative, set forth
separately as to each item, the amount of
reimbursement received, and the name and
address of the organization or program from
whom such reimbursement was received;

(c)    For each organization or program, state the
identifying number of the policy or program,
and its effective dates;

(d)    State whether or not plaintiffs and/or
plaintiff's decedent has made claim for
reimbursement for economic loss to any
collateral source which has not as yet been
paid;

(e)    If the anser is in the affirmative, state the
name and address of the organization or
program to whom such claim was presented, the
date of presentation, the amount claimed, and
the identifying number of the policy or
program;

(f)    State whether or not plaintiff and/or
plaintiff's decedent reasonably anticipates
making a claim in the future for
reimbursement of future economic loss;

(g)    If the answer is in the affirmative, state
the name and address of the organization or
program to whom such claim(s) will be
presented, the identifying number of the
policy or program, the extent of total
coverage or benefits available and the length
of time such coverage of benefits will be
available to plaintiff.

ANSWER:

Plaintiff has made application for No-Fault

benefits to Lincoln General Insurance Company, 999 Stewart

Avenue, Bethpage, NY, claim # C21-0032-7379-2.  It is not at

20

this time known for which claims plaintiff has been
reimbursed.  Authorizations for the release of collateral
source information has been furnished under separate cover.

INTERROGATORY 14:

      The date of birth of each plaintiff and
plaintiff's decedent; the Social Security number of each
plaintiff and plaintiff's decedent; and the name, current
residence, date of birth and Social Security number of
plaintiff's decedent's siblings.

ANSWER:

      The plaintiff decedent, WENDY SANTOS', date of
birth was ███████████.  The decedent's social security
number was ████████7.

      The plaintiff, EDDYS N. GARCIA's, date of birth is
████████████.  The plaintiff's social security number
is ██████████.

      The name, current address and date of birth of the
decedent's siblings are as follows:

        Erika Santos
        486 ████████████pt. 2B


        Olga Garcia
        452 Rosedale Avenue Apt. J41
        Bronx ████73
        DOB: ████████

        Elizabeth Croban

13 Guilford Place
Burli_____J 08016
DOB: ████████

Francisco Santos
Unkno___
DOB: ████████

Demand for the social security number of the decedent's

siblings is an improper demand for a bill of particulars.

INTERROGATORY 15:

Set forth by Chapter, Article, Section and

Paragraph each statute, ordinance, rule or regulation, if

any, which it is claimed each defendants violated.

ANSWER:

The plaintiff will request the Court to take

judicial notice of each and every statute, ordinance and/or

regulation violated by the defendant, including but not

limited to Sections 396.3 and 396.3(a)(1) of the Federal

Motor Carrier Regulations, and the traffic laws, rules and

regulations, statutes and ordinances then and there

prevailing.

INTERROGATORY 16:

The nature and extent of any service, society

and/or companionship allegedly lost as a result of the

plaintiff's decedent's death.

ANSWER:

The plaintiff, EDDYS N. GARCIA's, has sustained

22

the loss of services of his wife, the decedent, WENDY SANTOS.

The decedent's children, the infant plaintiff, EDDY I. GARCIA, and the infant, plaintiff KENNY J. GARCIA, have been deprived of the parental care and guidance of their mother.

INTERROGATORY 17:

If the Amended Complaint alleges wrongful death:

(a)  The place of birth of the decedent;

(b)  The name, address, date of birth, occupation and annual income of each person such decedent allegedly supported or each person who was allegedly dependent upon such decedent for support within one year of death;

(c)  The total dollar amount of support, such decedent allegedly gave all persons: (1) in the year of death; (2) in each of the two years prior to the year of decedent death.

ANSWER:

(a)  Dominican Republic.

(b)  Eddys N. Garcia
     Jerome Avenue
     Apt. 1E
     Bronx, New York 10468
     Date of birth: September 29, 1970
     Occupation:    Project Manager
     Annual income: $30,000.00 (approximate)

     Eddy I. Garcia
     Jerome Avenue
     Apt. 1E
     Bronx, New York 10468
     Date of birth: September 10, 1992
     Occupation:    Not applicable

23

Annual income: Not applicable

Kenny J. Garcia
Jerome Avenue
Apt. 1E
Bronx, New York 10468
Date of birth: January 15, 1997
Occupation:    Not applicable
Annual income: Not applicable

(c)  (1)  approximately $21,000.00 per year.
     (2)  $21,590.78 for the year 2005
          $20,365.00 for the year 2004

INTERROGATORY 18:

If the instant occurrence involved motor vehicles,
set forth the following:

(a)  State the direction in which the involved
     vehicles were proceeding at the time of the
     occurrence;

(b)  State if there is any claim of any defect or
     malfunction with respect to any of the
     involved vehicles and if so, state what the
     defect or malfunction is alleged to be;

(c)  State in detail the points of impact of the
     involved vehicle(s) and/or any parts thereof
     and the location of any damage to the
     vehicle(s) following the occurrence;

(d)  Indicate if each plaintiff and/or plaintiff's
     decedent moved after contact between the
     involved vehicle(s), and or any parts
     thereof, and if so, state in what manner and
     what distance and the object or objects with
     which each plaintiff and plaintiff's decedent
     came into contact with after the impact
     between the involved vehicle(s) and/or the
     parts thereof, indicating the part or parts
     of each plaintiff's body and/or plaintiff's
     decedent's body which came in contact with
     said object or objects;

(e)  State the relative speed of the involved
     vehicle(s) and/or objects at the time of the
     occurrence.

24

ANSWER:

(a) The tractor trailer was traveling eastbound on Interstate Route 95, in the area of Exit 9. The plaintiff's vehicle had been traveling westbound on Interstate Route 95.

(b) & (c)  The defective condition of the trailer's wheels and appurtenant parts is claimed in that the wheels were improperly and inadequately lubricated, thereby causing, permitting and allowing said wheels to break, separate and dislodge from the 5th axle of the trailer and strike the front windshield of the plaintiff's vehicle.

(d)  Upon information and belief, the plaintiffs and plaintiff's decedent came into contact with the interior of their vehicle following the wheels and tires of the defendant's vehicle striking plaintiff's vehicle and plaintiff's decedent.

(e)  Not known at this time.

INTERROGATORY 19:

Was the incident reported to the defendants or anyone on defendant's behalf.  If so, set forth the identity(ies) of the person(s) reporting the incident; the identity of the person(s) to whom said report was given; and the time and location of said reportings.

ANSWER:

The incident was reported to defendant by the Connecticut State Police as indicated by the police accident report, a copy of which has been provided.

INTERROGATORY 20(a):

Set forth the manner in which each plaintiff and plaintiff' decedent suffered "serious injuries" as defined in the New York State Insurance Law.

ANSWER:

Since the accident occurred outside of New York State, the New York No-Fault Law "serious injury" threshold for personal injury claims does not apply.  (see, Sheldon v. PHH Corp., 1997 U.S.Dist. Lexis 2217 (S.D.N.Y. March 4, 1997); aff'd 135 F2d 848 Morgan v. Bisorni, 100 A.D.2d 956).

INTERROGATORY 20(b):

Set forth the manner in which each plaintiff and plaintiff's decedent sustained economic loss greater than basic economic loss as defined in the New York State Insurance Law.

ANSWER:

Since the accident occurred outside of New York State, the New York No-Fault Law "economic loss" threshold for personal injury claims does not apply.  (see, Sheldon v. PHH Corp., 1997 U.S.Dist. Lexis 2217 (S.D.N.Y. March 4, 1997); aff'd 135 F2d 848 Morgan v. Bisorni, 100 A.D.2d 956).

INTERROGATORY 21:

26

An itemized statement of any and all damages claimed to have been sustained by the Estate of plaintiff's decedent, by reason of the alleged wrongful death of the plaintiff's decedent including:

    (a)    The amount expended or for which the estate has become obligated to pay, if any, for funeral and burial expenses incurred by the death of the plaintiff's decedent;

    (b)    Any other alleged bills or special damages, including the amounts, the days and dates upon and between which same were or will be incurred, and the nature thereof, in connection with the alleged causes of action for wrongful death and conscious pain and suffering.

    (c)    Names, ages and relationship to the plaintiff's decedent of those persons designated in Article 5, Part 4 of the Estates, Powers and Trusts Law as the persons for whose benefit this action is brought.

ANSWER:

    (a)    $ 4,591.00

    (b)    To be provided.

    (c)    Eddys N. Garcia
             Age: 36
             Relation: Husband

             Eddy I. Garcia
             Age: 14
             Relation: Son

             Kenny J. Garcia
             Age: 10
             Relation: Son

INTERROGATORY 22:

A full and complete statement of the injuries

27

incurred by the plaintiff's decedent and any surgical
procedures which she underwent between the time of the
accident and the time of her death; and a precise statement
regarding the physical and mental health of the decedent
immediately prior to her death and a statement as to any
conditions, diseases or illnesses of any nature which the
plaintiff's decedent had which would have probably limited
her life expectancy.

<u>ANSWER</u>:

The decedent, WENDY SANTOS, sustained the
following injuries as a result of the occurrence herein:

Comminuted compound fracture of the skull with
extrusion of cerebral hemisphere; massive head injury with
gaping laceration and exposure and dislodgement of brain
substance; distortion of facial features; collapse of
bilateral orbital cavities; dislodgement of globes and nose;
extensive fracture with dislocation of the atlantoaxilary
joint; rupture of the right globe; separation of the dura
from the cranial vault and base of skull; gaping laceration
and fracture of the carpal bones of the left hand; multiple
abrasions and lacerations throughout the body;  injuries to
the nerves, muscles, tissues, ligaments, tendons and blood
vessels in the areas of the impact injuries; impairment of
circulation and sensory disturbances in the areas of the

impact injuries; pain, swelling stiffness and tenderness in the areas of the impact injuries.

Upon information and belief, the decedent suffered excruciating pain from the time he was struck and crushed by the wheel until her death.  The decedent also, upon information and belief, suffered fear and terror as a result of the apprehension of her imminent death.

The decedent died as a result of the foregoing injuries on July 2, 2006.

The decedent did not undergo any surgical procedures between the time of the accident and the time of her death.

Upon information and belief, the decedent did not suffer from any physical or mental conditions, diseases or illnesses of any nature prior to the time of her death.

INTERROGATORY 23:

The grade level of schooling presently attained by any infants for whose benefits this action is brought.

ANSWER:

Eddy I. Garcia
Grade level: 9th

Kenny J. Garcia
Grade level: 4th

INTERROGATORY 24:

With regard to the plaintiff's decedent, set forth

the following:

   (a)   A precise statement as to the value of the
         estate of the decedent with an itemization of
         any assets or liabilities known to date.

   (b)   The names of all distributees of the
         decedent.

   (c)   A full and complete statement as to any and
         all monies or items of value received by the
         decedent before the date of her death.

   (d)   A full and complete statement as to basic
         pecuniary loss claimed in this action.

   (e)   State the place, date and time of decedent's
         death.

   (f)   If decedent's death did not occur immediately
         after the incident described in the Amended
         Complaint, state the period of time it will
         be claimed elapsed from the incident until
         decedent's death and whether any claim is
         being made for the decedent's conscious pain
         and suffering during such period, indicating
         for how long and in what parts of her body.

   (g)   State whether a certificate of death has been
         filed with respect to decedent's death and,
         if so, attach a copy thereof to the Response
         to Interrogatories.

   (h)   State whether an autopsy was performed upon
         decedent's body and if plaintiff is in
         possession of any reports pertaining to said
         autopsy, please attach copies thereof to the
         Response to Interrogatories.

   (i)   State where plaintiff's decedent was buried.

   (j)   State the funeral home and/or facility that
         prepared plaintiff's decedent for burial.

ANSWER:

   (a)   Upon information and belief, the decedent's

estate had a value of less than $10,000.00.

   (b)   Eddys N. Garcia

30

Eddy I. Garcia
Kenny J. Garcia

(c)  This interrogatory is overly broad, burdensome, and in no way tends to lead to any evidence which is material not necessary to this action.

(d)  Objection.  This demand is overly broad, burdensome and oppressive.  Without waiving such objection, the pecuniary loss suffered by the aforesaid next of kin is the future financial support and maintenance for the plaintiff and their children, loss of services and loss of parental care and guidance.

The plaintiffs' decedent provided her next of kin with financial contributions equal to her wages, salary, benefits and investment income, save for personal consumption.  An itemized statement of the total economic pecuniary losses sustained by the next of kin will be provided.

(e)  Darien, Connecticut
July 2, 2006 at 8:30 p.m.

(f)  The period of time between the occurrence and the decedent's death was, upon information and belief, under five (5) minutes.

(g)  A copy of the decedent's certificate of death is annexed hereto.

(h)  A copy of the decedent's autopsy is annexed

31

hereto.

        (i)    Maple Grove Cemetery
               Hackensack, New Jersey

        (j)    R.G. Ortiz Funeral Home Inc.
               2580 Grand Concourse
               Bronx, NY 10458


INTERROGATORY 25:

        Set forth the basis of each plaintiff's claim that
they were caused to be placed in the zone of danger and the
nature and extent of any damages allegedly resulting
therefrom.

ANSWER:

        All plaintiffs were in the same vehicle at the
time of the occurrence.

        Contemporaneous with and following the occurrence
herein, the plaintiff, EDDYS N. GARCIA, was placed in the
zone of danger of vulnerability to physical harm and was
caused to have imposed upon his view of observation, the
knowledge that severe harm and serious peril would befall
his wife, WENDY SANTOS, and his sons, EDDY I. GARCIA and
KENNY J. GARCIA.

        The plaintiff, EDDYS N. GARCIA, has, upon
information and belief, sustained and continues to suffer
from mental and emotional trauma, distress, disturbance,

32

depression and anguish as a result of the adverse effects of the events immediately preceding, immediately attending and including as well as following the occurrence herein upon the well-being of his wife, WENDY SANTOS, and his sons, EDDY I. GARCIA and KENNY J. GARCIA.

Plaintiff, EDDYS N. GARCIA, first evidenced signs of such mental and emotional trauma during and immediately following the occurrence herein through to this date and continuing.

Contemporaneous with and following the occurrence herein, the infant plaintiff, EDDY I. GARCIA, was placed in the zone of danger of vulnerability to physical harm and was caused to have imposed upon his view of observation, the knowledge that severe harm and serious peril would befall his mother and father, WENDY SANTOS and EDDYS N. GARCIA, and his brother, KENNY J. GARCIA.

The infant plaintiff, EDDY I. GARCIA, has, upon information and belief, sustained and continues to suffer from mental and emotional trauma, distress, disturbance, depression and anguish as a result of the adverse effects of the events immediately preceding, immediately attending and including as well as following the occurrence herein upon

33

the well-being of his mother and father, WENDY SANTOS and
EDDYS N. GARCIA, and his brother, KENNY J. GARCIA.

Infant plaintiff, EDDY I. GARCIA, first evidenced
signs of such mental and emotional trauma during and
immediately following the occurrence herein through to this
date and continuing.

Contemporaneous with and following the occurrence
herein, the infant plaintiff, KENNY J. GARCIA, was placed in
the zone of danger of vulnerability to physical harm and was
caused to have imposed upon his view of observation, the
knowledge that severe harm and serious peril would befall
his mother and father, WENDY SANTOS and EDDYS N. GARCIA, and
his brother, EDDY I. GARCIA.

The infant plaintiff, KENNY J. GARCIA, has, upon
information and belief, sustained and continues to suffer
from mental and emotional trauma, distress, disturbance,
depression and anguish as a result of the adverse effects of
the events immediately preceding, immediately attending and
including as well as following the occurrence herein upon
the well-being of his mother and father, WENDY SANTOS and
EDDYS N. GARCIA, and his brother, EDDY I. GARCIA.

Infant plaintiff, KENNY J. GARCIA, first evidenced
signs of such mental and emotional trauma during and
immediately following the occurrence herein through to this
date and continuing.

Dated:  New York, New York
        July 23, 2007

s/ _____
Anthony H. Gair (AG5408)
GAIR, GAIR & CONASON
STEIGMAN & MACKAUF
Attorneys for Plaintiff
Office & P.O. Address
80 Pine Street
New York, NY 10005
(212) 943-1090

To:   LESTER SCHWAB KATZ & DWYER, LLP
      Attorneys for Defendant
      120 Broadway
      New York, NY 10271

```
STATE OF            )
                          : s.s.:
COUNTY OF           )
```

   EDDYS N. GARCIA, being duly sworn, deposes and

says:

   I am the plaintiff in the within action; I have

read the foregoing Answers to Interrogatories and know the

contents thereof; that the same is true to my own knowledge,

except as to the matters therein stated to be alleged on

information and belief, and as to those matters, I believe

them to be true.


             _____

               EDDYS N. GARCIA


Sworn to before me this
  day of July, 2007


_____
   Notary Public

STATE OF NEW YORK, COUNTY OF NEW YORK      ss:

     Susan Meszaros being sworn says:  I am not a party to the action, am over 18 years of age and reside in Asbury, New Jersey.

On July   , 2007, I served a true copy of the annexed Answers to Interrogatories Propounded by Defendant by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

To:  LESTER SCHWAB KATZ & DWYER, LLP
     Attorneys for Defendant
     120 Broadway
     New York, NY 10271

                        s/_____
                             Susan Meszaros

Sworn to before me the
     day of July, 2007

_____

205 0 1 4 1 5 4 2 1

VS-4MF-404
STATE OF CONNECTICUT
DEPARTMENT OF PUBLIC HEALTH

CERTIFICATE OF DEATH
OFFICE OF THE CHIEF MEDICAL EXAMINER

| DECEDENT'S LEGAL NAME | Santos | SEX |
|---|---|---|
| Wendy | | Female |

| Age | 33 | DATE OF DEATH | 05/31/1973 | BIRTHPLACE | Dominican Republic |

| RESIDENCE STATE | New York | | Bronx |
| 2786 Jerome Ave | 1E | 10468 | MARITAL STATUS | Married | Eddys Nixon Garcia |

FATHER'S NAME: Francisco Santos Sigel

MOTHER'S NAME: Maria De Carmen Garcia

INFORMANT'S NAME: Eddys Nixon Garcia    RELATIONSHIP TO DECEDENT: Husband    MAILING ADDRESS: 2786 Jerome Avenue Bronx NY 10468

| Maple Grove Cemetery | Hackensack | NJ | 7/6/2006 | Joshua Lanza |
| R.G Ortiz Funeral Home Bronx N.Y | | | | 04645 |

THIS CERTIFICATE WAS RECEIVED FOR RECORD ON: July 20, 2006



THE SEAL OF THE STATE OF CONNECTICUT IS AFFIXED TO CERTIFY THAT THE ABOVE IS A
TRUE COPY OF A RECORD FILED WITH THE STATE OF CONNECTICUT DEPARTMENT OF PUBLIC
HEALTH PURSUANT TO THE PROVISIONS OF THE GENERAL STATUTES OF CONNECTICUT.

*Elizabeth Frugale*, RHIA

Elizabeth Frugale, RHIA
Registrar of Vital Records

SEP 2 0 2006
Date of Issue

I certify that this is a true copy of certificate received for record.

Registrar: Diane E. Kazprowski

Attest: Diane E. Kazprowski

REPORT OF STATE PATHOLOGIST

ME-102 (rev 1/93)

ME CASE NO.
06-08324

State of Connecticut
OFFICE OF THE CHIEF MEDICAL EXAMINER
11 Shuttle Road, Farmington, Connecticut 06032
(860) 679-3980

| DECEASED | Name (First, Middle or Maiden, Last) Wendy Santos | | Age 32 | Race Hispanic | Sex ☐ male ☒ female |
|---|---|---|---|---|---|
| | Last Residence (No., Street) 2786 Jerome Avenue | | Town Bronx | State NY | Zip Code |

| INJURY (if any) | Place of Injury | | | | Date of Injury |
|---|---|---|---|---|---|

| DEATH | Place of Death (No., Street) Roadway, I-95 southbound north of Exit 9 | | | Town Darien | State CT |
|---|---|---|---|---|---|
| | Reported By (Name) Dispatcher Ruiz | | | Affiliation Connecticut State Police, Troop G | |
| | Death Reported Date 7/2/06  Time 20:27 | Examiner Notified Date 7/2/06  Time 21:29 | | O.C.M.E. Notified Date 7/2/06  Time 21:29 | |
| | Arrival at Scene Date 7/2/06 Time 23:12 | Departure from Scene Date 7/2/06 Time 23:45 | Death Determined By EMS | | Date 7/2/06 Time 20:30 |

| INFORMANT | Deceased Identified By (Name) Mr. Santos, husband | Address (Street, Town, State) 2786 Jerome Avenue, Bronx, NY |
|---|---|---|
| | Other Informants (Names) Trooper S. Donijan, Connecticut State Police C.A.R.S. | |

CIRCUMSTANCES OF DEATH (include when deceased last seen alive and pertinent medical and occupational history)

On July 2, 2006, Dispatcher Ruiz, of the Connecticut State Police Troop G, called to report the motor vehicle-related death of Wendy Santos on Interstate 95 in Darien, Connecticut. The following facts and circumstances were ascertained at the scene from police personnel and personal observation.

The deceased was a front seat passenger of passenger minivan-type vehicle travelling southbound in the left lane of I-95 on July 2, 2006 at or about 20:25 hours. Police officials report that a tractor-trailer travelling northbound on I-95 in the same vicinity lost a set of double tires on the left side of the truck. Said tires reportedly bounced over the concrete divider in the direction of the southbound travel lanes. The tire set subsequently landed on the decedent's vehicle, consequently fatally injuring Wendy Santos on impact. The tire also struck a tractor trailer travelling southbound in the center lane behind the decedent's vehicle. The Connecticut State Police has the time of the initial complaint call recorded at or about 20:27 hours. Police and Emergency Medical Service personnel responded to the scene, whereupon Wendy Santos was presumed dead on-scene at or about 20:30 hours. At or about 21:29 hours, Dispatcher Ruiz called and notified the Office of the Chief Medical Examiner of the death. The undersigned was contacted in the field and subsequently responded to the scene.

The deceased is one of five occupants of her vehicle. The deceased was identified by her husband while he was being treated at an area hospital. Wendy Santos was found seat-belted in the front passenger seat of the vehicle with obvious head injuries. Extensive damage is noted throughout the vehicle, particularly at the A-pillar and roof of the vehicle. Blood and cerebral matter is noted inside the vehicle.

After an external examination, the deceased was removed and transported to the Office of the Chief Medical Examiner by Hartford Trade Service personnel.

(Continued on page 2)

| EXTERNAL | Roadway, I-95 southbound north of Exit 9, Darien, Connecticut | 7/4/06 |
| EXAMINATION | |

Briefly describe position of body, estimated height & weight, eye color, hair characteristics, scars, tattoos, blemishes, & signs of injury or disease. Note signs of death, including rigor mortis and lividity. In homicides or suspicious deaths, record appearance of clothing.
(Cont. pg. 2, 06/08324)

The deceased is found by the undersigned seat-belted into the front passenger seat of her vehicle. The body is that of a white Hispanic female clad in a tank-top, brassiere, trousers, underwear, and sandals. One white metal earring is noted on each ear. One yellow metal ring with a clear stone is noted on L4. One white metal anklet with white metal charms is noted around the left ankle. The body is warm to the touch. The small muscle groups are loose and easily manipulated. Massive head trauma is noted. Multiple abrasion-type injuries are noted on the chest and upper extremities.

| AUTOPSY | Performed No | IF YES ☐ Authorized ☐ Consent | Date Performed | At (Hospital Name) | By (Name) |
| CREMATION | Performed ☐ Yes ☐ No | | Cremation Certificate Issued ☐ | | |
| CAUSE OF DEATH | Cause and manner of death should be listed as on Certificate of Death and should be based on circumstances of death, past medical history, external examination, and autopsy, if performed. Refer to Report of Autopsy. | | | | |

| CERTIFICATION | I certify that I made an external examination of the deceased on the date shown and that the cause of death is as stated above. | |
| | Date 7/4/06 | Name of Assistant Medical Examiner Alfredo Camargo | Signed |



**STATE OF CONNECTICUT**
**Office of the Chief Medical Examiner**
11 Shuttle Road, Farmington, CT 06032

**M.E. CASE NUMBER: 06-08324-Santos, Wendy**

Date of Death: **07/02/2006**                    Time of Death: **20:30**
County of Death: **Fairfield**                    City of Death: **Darien**

This is to certify that **Malka B. Shah, M.D., Associate Medical Examiner**, performed a postmortem examination on the body of **Wendy Santos** at the Office of the Chief Medical Examiner on **07/03/2006** at **10:45**

## DESCRIPTION OF CLOTHING/PERSONAL PROPERTY:

The body of an adult white female is clad in black-colored, tank-type shirt, blue denim jeans, women's panties and bra. Present on the feet are slip on, black-colored slippers. The clothing reveals extensive bloodstains and wear-type damage and is returned to the family. The clothing also has multiple bloodstains as well as glass on it.

Present in the ears are a pair of white metal dangle earrings with black beads on them. On the left ring finger is a yellow metal ring with a clear stone. Present on the left ankle is a white metal anklet. The jewelry is also returned to the family, a receipt for which is made out.

## EXTERNAL EXAMINATION:

The unclad body of an adult Hispanic female measures 5'4" tall and weighs 175 lbs. The head hair is dark brown in color. The face and head reveal a massive head injury with a gaping laceration and exposure and dislodgement of the brain substance noted. The laceration has caused distortion of the facial features and they are non-recognizable. The bilateral orbital cavities have collapsed, and the globes are dislodged posteriorly. The nose is also dislodged posteriorly. The maxilla is fractured extensively. The right eye globe has ruptured. Upon inspection of the cranial cavity the cerebral hemispheres are absent. The dura has separated from the cranial vault and the base of the skull. However, there is transected mid brain and cerebellum noted at the base of the skull area. These are collected for toxicological analysis. The ears reveal bloodstains. The neck reveals extensive mobility. The chin and right side of the face reveal superficial red-brown abrasions.

The chest and abdomen reveal superficial red-brown abrasions of the upper part of the chest bilaterally on the right and left upper breast area. The abdomen is protuberant, free of any palpable masses. There are striae noted.

The right upper arm, elbow, cubital fossa and lower arm reveal superficial red-brown abrasions extending from the anterior aspect of the right arm to the right elbow and dorsal aspect of the lower arm. Upon palpation, however, no fracture is noted. The left upper arm, elbow, cubital fossa and lower arm reveal extensive abrasion-lacerations. The medial border of the left dorsum of the hand reveals gaping laceration and fractures of the carpal bones.

**POST MORTEM REPORT**                    **Page 1 of 2**



**STATE OF CONNECTICUT**
**Office of the Chief Medical Examiner**
11 Shuttle Road, Farmington, CT 06032

**M.E. CASE NUMBER: 06-08324-Santos, Wendy**

The bilateral upper legs, knees and lower legs reveal no fractures. However, there are superficial abrasions of the bilateral lower legs noted.

The back reveals bluish purple lividity with pressure-blanched areas.

The examination is limited to the external exam only.

**LABORATORY PROCEDURES:**
Specimens taken for toxicological analysis:
Blood; Cardiac; Brain; Vitreous Fluid

**ANATOMIC DIAGNOSES:**

COMMINUTED COMPOUND FRACTURE OF SKULL WITH EXTRUSION OF
  CEREBRAL HEMISPHERE
FRACTURE-DISLOCATION OF ATLANTOAXILARY JOINT
FRACTURE OF LEFT HAND

**POSTMORTEM COMPLETED AT:**          11:00

**CAUSE OF DEATH:**

HEAD INJURIES

**MANNER OF DEATH:**

ACCIDENT

This is a true statement of the postmortem findings upon the body of Wendy Santos.

Malka B. Shah, M.D.
**Associate Medical Examiner**
**27 July 2006**

**POST MORTEM REPORT**          Page 2 of 2



## Office of the Chief Medical Examiner
### State of Connecticut
11 Shuttle Road    Farmington, CT 06032

(860) 679-3980

## TOXICOLOGY REPORT

DATE OF REPORT:    7/18/2006

| LAB NUMBER: | DECEASED: | | | | | ME CASE NUMBER: |
|---|---|---|---|---|---|---|
| L06-0796 | Wendy Santos    33 Years Hispanic, White Female | | | | | 06-08324 |

### SPECIMENS SUBMITTED BY:  Dr. Shah, Malka

| Sample Type | Amount | Received | Received By | Sample Type | Amount | Received | Received By |
|---|---|---|---|---|---|---|---|
| Blood, Cardiac | 45 mL | 7/5/2006 | C. Fletterick | Brain | 129 g | 7/5/2006 | C. Fletterick |
| Blood, Cardiac | 6 mL | 7/5/2006 | C. Fletterick | Blood, Cardiac | 6.5 mL | 7/5/2006 | C. Fletterick |
| Blood, Cardiac | 5.5 mL | 7/5/2006 | C. Fletterick | Vitreous | 1 mL | 7/5/2006 | C. Fletterick |
| DNA Label | | 7/5/2006 | C. Fletterick | DNA Label | | 7/5/2006 | C. Fletterick |

### ANALYTICAL FINDINGS

| SCREEN    Blood, Cardiac    Analyte | Results | Method |
|---|---|---|
| Acidic/Neutral Drugs | None Detected | GC/MS |
| Alcohol | None Detected | Micro Diffusion |
| Basic Drugs | None Detected | GC/MS |
| Carbon Monoxide | None Detected | Micro Diffusion |
| Opiates | None Detected | RIA |

*Sherwood C. Lewis*

Sherwood C. Lewis, Ph.D.

Director of Toxicology

7/26

Unless OCME is notified in writing, specimens and/or evidence retained in this case will be destroyed one year after the date of this report.

STATE OF NEW YORK )
                               : s.s.:
COUNTY OF NEW YORK )

     EDDYS N. GARCIA, being duly sworn, deposes and says:

     I am the plaintiff in the within action; I have read the foregoing Answers to Interrogatories and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

                                   EDDYS N. GARCIA

Sworn to before me this
31st day of July, 2007

         Notary Public

SUSAN MESZAROS
Notary Public, State of New York
No. 01ME6029925
Qualified in New York County
Certificate Filed in New York County
Commission Expires 7/5/20
7 - 5 - 2010